GAUDIN, Judge.
This is an appeal by an insurance company following a district court bond forfeiture because the bonded defendant failed to appear for arraignment. We reverse, finding the transcript not complete enough for us to conclude that the requisites of LSA-R.S 15:85 A(l) had been complied with.
R.S. 15:85A(1) states:
“If at the timé fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence including service or attempted service upon the defendant and service upon the surety, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture, which shall include the power of attorney number used to execute the bond, to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the *1234 mailing and place it in the record. A copy of the notice also shall be mailed to the agent of the surety who posted the bond. Mailing the notice to the agent alone shall not constitute compliance with this Section. Failure to mail the proper notice within six months after the entry of the forfeiture shall release the surety from all obligations under the bond.”
(Underlining provided.)
Here, the transcript merely shows that the trial judge asked for the record and then issued an attachment and bond forfeiture. No documents were submitted into evidence and there is no indication which parts of the record were reviewed and/or considered by the judge.
The Supreme Court of Louisiana and this Court have consistently held that the procedure outlined in the bond forfeiture statutes must be strictly construed. See State v. Hathaway, 403 So.2d 737 (La.1981), and State v. Dickerson, 534 So.2d 976 (La.App. 5 Cir.1988).
We feel compelled to follow Hathaway, Dickerson and other cases which require more proof than was demonstrated in the forfeiture of Paul S. Collins’ bond.
For these reasons, we set aside the bond forfeiture ordered on January 5, 1990 and we remand to the 24th Judicial District Court for an evidentiary hearing.
JUDGMENT SET ASIDE, REMANDED FOR HEARING.