618 So.2d 4 (1993)
STATE of Louisiana, Plaintiff-Appellee,
v.
Reginald COLE, a/k/a David Taylor, a/k/a John Doe, Defendant-Appellant.
No. 92-719.
Court of Appeal of Louisiana, Third Circuit.
May 5, 1993.
Robert Richard Bryant Jr., Lake Charles, for State of Louisiana.
John Michael Crochet, Lake Charles, for Reginald Cole.
Graymond Francis Martin, New Orleans, for Amwest Sur. Ins. Co.
Before STOKER and DECUIR, JJ., and CULPEPPER, J. Pro Tem.[*]
WILLIAM A. CULPEPPER, Judge Pro Tem.
This is an appeal from a bond forfeiture proceeding wherein Amwest Surety Insurance Company (Amwest Surety), the acting surety of Reginald Cole, a criminal defendant, was ordered to forfeit a surety bond of $10,000 when the defendant failed to appear for trial.
On appeal, Amwest Surety contends that the trial court erred in denying its petition for nullity of judgment or motion to set aside judgment of bond forfeiture because: (1) notice of the defendant's required appearance was not mailed to Amwest Surety via certified mail return receipt requested *5 as required by LSA-R.S. 15:85A(1)(b); (2) neither the defendant, the surety nor its agent were notified of the bond forfeiture hearing which was held on May 23, 1991; and, (3) the State failed to produce proper evidence as required by LSA-R.S. 15:85 to support the judgment of bond forfeiture.
On July 9, 1990, Reginald Cole was arrested and charged with theft. Amwest Surety posted an appearance bond in the amount of $10,000 and Cole was released. Cole appeared at his arraignment. Thereafter, Cole's trial date was reset several times.
On March 18, 1991, Cole failed to appear for trial. A bench warrant and bond forfeiture were ordered, and on April 5, 1991, a bond forfeiture judgment was filed against Cole and Amwest Surety. Thereafter, the State canceled this bond forfeiture when Cole surrendered to the Calcasieu Parish Sheriff's Office on April 19, 1991.
Cole again failed to appear for trial on May 20, 1991. Thereafter, on May 23, 1991, the trial court conducted a bond forfeiture hearing, and Cole's bond was ordered forfeited. On May 30, 1991, the trial court signed a judgment of bond forfeiture.
Subsequently, on March 10, 1992, almost ten months after the bond forfeiture judgment was signed, Amwest Surety filed a motion to set aside the judgment of bond forfeiture and further petitioned the court to nullify the judgment. After conducting a hearing, the trial court denied Amwest's motion and petition. This appeal followed.

NOTICE REQUIREMENTS: DEFENDANT'S APPEARANCE
Amwest Surety contends that the State's mailing of notice of the defendant's required appearance via certified mail, return receipt requested, to Amwest's agent was insufficient. Instead, it argues that the State was required by LSA-R.S. 15:85A(1)(b) to provide notice directly to Amwest.
State v. Posey, 556 So.2d 836 (La.1990) is dispositive of the issue presented. In Posey, the Louisiana Supreme Court stated at page 836:
"The court of appeal held that the judgment of bond forfeiture was null because service of the notice of the appearance date was not made on the surety. However, La.C.Cr.P. art. 337, as amended by La.Acts 1987, No. 728, effective September 1, 1987, now permits this notice to be served on the surety's agent or bondsman and no longer requires service of notice on the surety itself."
Based on Posey, we find no error in the trial court's determination that service of the appearance date on Amwest Surety's agent fulfilled the requirements antecedent to the entry of a judgment of bond forfeiture.

NOTICE OF BOND FORFEITURE HEARING
Amwest Surety next contends that the trial court should have overturned the judgment of bond forfeiture because the State failed to notify the criminal defendant (Cole), or Amwest Surety or Amwest Surety's agent that a bond forfeiture hearing would be held on May 23, 1991, as a result of defendant's non-appearance on May 20, 1991. Amwest Surety, relying on LSA-C.Cr.P. Art. 337, argues that notice was required. We disagree.
LSA-C.Cr.P. Art. 337 is applicable to those instances where defendant's appearance is required. Defendant's appearance is not required at a bond forfeiture hearing. Rather, LSA-R.S. 15:85 governs bond forfeiture hearings. Particularly, LSA-R.S. 15:85(A)(1)(a) states that if a defendant fails to appear and answer, after being properly noticed, the trial court, after hearing proper evidence, shall enter judgment, decreeing the forfeiture of the bond. Accordingly, we find that the State was not required to send supplementary notice to the defendant or his surety or the surety's agent of the May 23, 1991, bond forfeiture hearing.
Moreover, Amwest Surety conceded in the trial court that the State could have held the bond forfeiture hearing on May 20, 1991, without the issuance of notice. *6 Our review of the record shows that the proceedings held on May 23 were the same which could have been held earlier. Accordingly, we find that Amwest Surety was not prejudiced when the State chose to hold the bond forfeiture hearing on May 23, 1991.
Furthermore, we have carefully reviewed the seven cases relied upon by Amwest Surety. Each of these cases is distinguishable, since they address the sufficiency of pre-forfeiture notice requirements to appear at arraignment and trial, not bond forfeiture hearings.

BOND FORFEITURE HEARING: SUFFICIENCY OF EVIDENCE
Amwest Surety contends that proper evidence was not presented at the hearing to support the judgment of bond forfeiture. In particular, Amwest Surety argues that the State was required to enter a copy of the bond contract and the power of attorney into evidence. We disagree.
LSA-R.S. 15:85 provides in pertinent part:
"A. All bonds taken to secure the appearance of any person before any district court executed by a surety company authorized to do business in the state of Louisiana or an agent of such a company, except at a preliminary examination, shall be forfeited and collected as follows:
(1)(a) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice or attempted notice to the defendant and the surety, if such is required by Code of Criminal Procedure Art. 337, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture, which shall include the power of attorney number used to execute the bond, to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing, and place it in the record. A copy of the notice also shall be mailed to the agent of the surety who posted the bond. Mailing the notice to the agent alone shall not constitute compliance with this Section. Failure to mail the proper notice within six months after the entry of the forfeiture shall release the surety from all obligations under the bond."
Before a trial court may order a bond forfeiture, it must have before it "proper evidence" establishing that the State gave, or at least attempted to give "proper notice" to the defendant and the defendant's surety, if such is required by LSA-C.Cr.P. Art. 337. LSA-R.S. 15:85A(1)(a). In order to obtain a judgment of bond forfeiture, the State must "strictly comply" with the statutory provisions. State v. Hathaway, 403 So.2d 737 (La.1981).
We have carefully read R.S. 15:85 and find no requirement that the State enter the bond contract and the power of attorney into evidence.
In reaching this conclusion, we find no merit to Amwest Surety's attempts to apply the civil procedure provisions regarding default judgments to the bond forfeiture procedure. As pointed out in Hathaway, the State must comply with the requirements of LSA-R.S. 15:85. Although the bond forfeiture hearing is held without the presence of the surety, the requirements for judgment are governed solely by the bond forfeiture statute and not by the general provisions of the code of civil procedure relative to default judgments.
Furthermore, the jurisprudence relied upon by Amwest Surety is distinguishable from the present case. In State v. Likens, 577 So.2d 285 (La.App. 3rd Cir.1991), writ denied, 580 So.2d 386 (La.1991), Accredited Surety and Casualty, Inc. v. McElveen, 561 So.2d 728 (La.App. 3rd Cir.1990), and State v. Dickerson, 534 So.2d 976 (La.App. 5th Cir.1988), the State failed to produce evidence of notice to either the defendant, the surety, or the surety's agent. In the *7 present case, evidence that proper notice was given was entered into evidence. Similarly, in State v. Mills, 390 So.2d 874 (La. 1980), State v. Collins, 576 So.2d 1233 (La. App. 5th Cir.1991), and State v. Kennedy, 581 So.2d 756 (La.App. 5th Cir.1991), the record was void of evidence that any evidence was entered at a forfeiture hearing. These later cases are in stark contrast to the case sub judice where the State introduced the following items into evidence at the bond forfeiture hearing on May 23, 1991: notice of trial sent by first class certified mail, return receipt requested to Amwest through its bondsman, Patrick Fuselier; the signed return receipt from Amwest's bondsman; and, the copies of all notices to defendant.
Therefore after carefully reviewing the record in the present case, we find that the State met the statutory requirements needed to obtain a judgment of bond forfeiture.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Amwest Surety Insurance Company.
AFFIRMED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.