GUIDRY, Judge.
American Bankers Insurance Company (American Bankers), surety of the defendant, Felton Bercy, appeals the trial court’s denial of its motion to set aside a judgment of bond forfeiture rendered after Bercy failed to appear for trial. We affirm.

FACTS

On July 12, 1990, Felton E. Bercy was charged by bill of indictment with possession of cocaine, a violation of La.R.S. 40:967(C). Bercy was released on a $10,000 appearance bond posted by American Bankers through its agent, bondperson Darlene Garrison. Defendant appeared without counsel on September 24, 1990 and, after being advised of his rights, entered a plea of not guilty and requested a jury trial. Bercy was advised to retain counsel and a trial date of November 26, 1990 was fixed. Thereafter, Bercy’s trial date was reset several times.
Bercy’s next appearance in court was on May 29,1991 when he appeared with counsel at a pre-trial hearing on a defense motion to suppress a video tape of his stop and any physical evidence seized in connection therewith. Defendant’s motion to suppress was denied and, at the close of the proceedings in open court, a new trial date of September 9, 1991 was set. A notice of that trial date, sent by certified mail return receipt requested to Bercy’s bondperson, Darlene Garrison, was delivered June 3, 1991.
Bercy failed to appear for trial on September 9,1991. Subsequently, on September 27, 1991, without any further notices being sent, the trial court conducted a bond forfeiture hearing and ordered Bercy’s bond forfeited. Judgment to that effect was signed November 6, 1991 and that same day notice of the judgment and a copy thereof was mailed to American Bankers’ home office.
Some six months thereafter, on May 14, 1992, American Bankers filed a motion to set aside the judgment of bond forfeiture and a petition to nullify that judgment. At a hearing held October 30, 1992, American Bankers’ motion and petition were denied. This appeal followed with American Bankers urging that the trial judge erred in not setting aside the bond forfeiture because: (1) neither the defendant, the surety nor the bondperson (agent) were notified of the bond forfeiture hearing of September 27, 1991; (2) notice of Berey’s required appearance was not mailed to the surety via certified mail, return receipt requested, as required by La.R.S. 15:85 A(l)(b); and, (3) there was not a “hearing of proper evidence” as required by La.R.S. 15:85 A(l)(a) before the bond was forfeited.

NOTICE OF BOND FORFEITURE HEARING

In its first assignment of error, American Bankers, relying on La.C.Cr.P. art. 337, argues that the bond forfeiture should be set aside because the State failed to notify the defendant, Bercy, the surety and/or the surety’s agent, Darlene Garrison, of the September 27, 1991 bond forfeiture hearing.
La.C.Cr.P. art. 337, which is found in the Bail-Rights of Surety section of the Code of Criminal Procedure states:
When a bail bond does not fix the appearance date, and the presence is required of a person who has been released *1325 on bail in a felony case, his surety or an agent or bondsman of the surety shall be given written notice of the time, date, and place the principal is required to appear. The notice shall be delivered to the surety or an agent or bondsman of the surety by an officer designated by the court, at least two days prior to the day set for the appearance, or may be mailed to the surety or an agent or bondsman of the surety at least three days prior to the day set for the appearance. When a bail bond fixes the appearance date, no additional notice is required to be given to the defendant or the surety or an agent or bondsman of the surety. If the principal appears as ordered and the proceeding is continued to a specific date, the surety or an agent or bondsman of the surety need not be given notice of the new appearance date. Failure to give notice, as required by this Article, reheves the surety from liability on a judgment of forfeiture for the defendant’s nonappearance on that particular date.
Recently, in State v. Cole, 618 So.2d 4 (La.App. 3rd Cir.1993), this court, in addressing this issue, stated:
LSA-C.Cr.P. Art. 337 is applicable to those instances where defendant’s appearance is required. Defendant’s appearance is not required at a bond forfeiture hearing. Rather, LSA-R.S. 15:85 governs bond forfeiture hearings. Particularly, LSA-R.S. 15:85(A)(l)(a) states that if a defendant fails to appear and answer, after being properly noticed, the trial court, after hearing proper evidence, shall enter judgment, decreeing the forfeiture of the bond. Accordingly, we find that the State was not required to send supplementary notice to the defendant or his surety or the surety’s agent of the May 23, 1991, bond forfeiture hearing.
In Cole we noted that the defendant had failed to appear for trial on May 20,1991 and that the State could have, at that time and without the issuance of any notices, proceeded with bond forfeiture proceedings. We concluded that the surety in Cole was not prejudiced when the State chose to delay the bond forfeiture hearing for several days. The same is true in the case herein.

NOTICE REQUIREMENTS, DEFENDANT’S APPEARANCE

In this assignment of error, American Bankers argues that notice of the defendant’s appearance was defective under the provisions of La.R.S. 15:85 A(l)(b) which states:
(b) “Notice to the defendant,” for purposes of this Section, shall be made by first class mail, postage prepaid, to the address provided by the defendant under his bond obligation, or by personal or domiciliary service on the defendant, and by certified mail, return receipt requested, to the defendant’s surety.
This section, standing alone, seems to support appellant’s argument. However, it is well recognized that statutes must be read and interpreted as a whole in order to ascertain their true intent and meaning. La.R.S. 15:85 begins:
A. All bonds taken to secure the appearance of any person before any district court executed by a surety company authorized to do business in the state of Louisiana or an agent of such a company, except at a preliminary examination, shall be forfeited and collected as follows:
(l)(a) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice or attempted notice to the defendant and the surety, if such is required by Code of Criminal Procedure Art. 337, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. (Emphasis ours)
In this case, the principal had appeared as ordered on May 29, 1991 at a pretrial hearing. At that appearance, the trial date was continued in open court to September 9, *1326 1991. Both defendant and defense counsel were present when the trial date was fixed. No further notice to defendant, the surety or bondsperson was required. See La.C.Cr.P. art. 337, supra. Even though no further notice was required, the record reveals that written notice of the defendant’s required appearance for his September 9, 1991 trial was mailed to his bondperson, certified mail, return receipt requested and that said notice was received by Darlene Garrison, the bond-person, on June 3, 1991.

BOND FORFEITURE HEARING AND SUFFICIENCY OF THE EVIDENCE

In this assignment, American Bankers argues that proper evidence was not introduced at the bond forfeiture proceeding to support the trial court’s judgment. Specifically, appellant argues that neither the bond contract itself nor the accompanying power of attorney were entered into evidence and additionally, the State did not follow the statutory requirements for obtaining and confirming a default judgment.
In State v. Cole, supra, the surety therein, Amwest Surety, raised identical issues. Both Amwest and American Bankers in their arguments relied upon the same statutory and case law. We disposed of this issue in Cole, wherein we stated:
Before a trial court may order a bond forfeiture, it must have before it “proper evidence” establishing that the State gave, or at least attempted to give “proper notice” to the defendant and the defendant’s surety, if such is required by LSA-C.Cr.P. Art. 337. LSA-R.S. 15:85 A(l)(a). In order to obtain a judgment of bond forfeiture, the State must “strictly comply” with the statutory provisions. State v. Hathaway, 403 So2d 737 (La.1981).
We have carefully read R.S. 15:85 and find no requirement that the State enter the bond contract and the power of attorney into evidence.
In reaching this conclusion, we find no merit to Amwest Surety’s attempts to apply the civil procedure provisions regarding default judgments to the bond forfeiture procedure. As pointed out in Hathaway, the State must comply with the requirements of LSA-R.S. 15:85. Although the bond forfeiture hearing is held without the presence of the surety, the requirements for judgment are governed solely by the bond forfeiture statute and not by the general provisions of the code of civil procedure relative to default judgments.
Furthermore, the jurisprudence relied upon by Amwest Surety is distinguishable from the present case. In State v. Likens, 577 So2d 285 (La.App. 3rd Cir.1991), writ denied, 580 So2d 386 (La.1991), Accredited Surety and Casualty, Inc. v. McElveen, 561 So2d 728 (La.App. 3rd Cir.1990), and State v. Dickerson, 534 So2d 976 (La.App. 5th Cir.1988), the State failed to produce evidence of notice to either the defendant, the surety, or the surety’s agent. In the present case, evidence that proper notice was given was entered into evidence. Similarly, in State v. Mills, 390 So2d 874 (La.1980), State v. Collins, 576 So2d 1233 (La.App. 5th Cir.1991), and State v. Kennedy, 581 So2d 756 (La.App. 5th Cir.1991), the record was void of evidence that any evidence was entered at a forfeiture hearing. These later cases are in stark contrast to the case sub judice where the State introduced the following items into evidence at the bond forfeiture hearing on May 23, 1991: notice of trial sent by first class certified mail, return receipt requested to Amwest through its bondsman, Patrick Fuselier; the signed return receipt from Amwest’s bondsmen; and, the copies of all notices to defendant.
The only difference between Cole and the case at bar is that in the case at bar there was no written notice to the defendant of the September 9, 1991 trial date. However, as we pointed out in our discussion of American Bankers’ second assignment of error, no written notice to the defendant was required under LSA-C.Cr.P. art. 337 since he was present in open court as ordered on May 29, 1991 when his trial date was continued to September 9, 1991.
*1327 Accordingly, we find that in this case, as in Cole, the record reflects that the State met all mandated requirements needed to support a judgment of bond forfeiture.
For the reasons stated, the judgment of the trial court is affirmed. All costs of this appeal are assessed against appellant, American Bankers Insurance Company.
AFFIRMED.