653 So.2d 127 (1995)
STATE of Louisiana, Plaintiff-Appellee
v.
Mans BATISTE (AMERICAN BONDING COMPANY), Defendant-Appellant.
No. 94-1237.
Court of Appeal of Louisiana, Third Circuit.
April 5, 1995.
*128 Roger J. Breedlove, Alexandria, for State of La.
William Noland, New Orleans, for American Bonding Co.
Before COOKS, WOODARD and PETERS, JJ.
PETERS, Judge.
Mans Batiste was charged by bill of information on October 2, 1992, with possession with intent to distribute cocaine, a violation of La.R.S. 40:967(A)(1). On October 15, 1992, the defendant entered into a bail bond contract with American Bonding Company wherein the bonding company posted a $15,000.00 surety bond to guarantee the defendant's appearance in future criminal proceedings associated with the felony narcotics charge. As a result of the posting of the surety bond, the defendant was released from custody.
The defendant appeared for arraignment on October 23, 1992, and pled not guilty. Trial was fixed for February 9, 1993. Although his attorney appeared, the defendant did not appear for trial. A bench warrant was issued for his arrest, and a contempt bond was set. No action was taken against the American Bonding Company surety bond, and the record does not reflect that the bonding company was notified of the defendant's failure to appear.
On July 19, 1993, the state filed a motion to reset the matter for trial for September 13, 1993. The motion certified that the same day it was filed, a copy of the motion had been placed "in the box reserved for the defendant's attorney, John Ellis in the Clerk of Court's Office, Rapides Parish Courthouse, at Alexandria, Louisiana." Also on July 19, 1993, the district attorney's office gave notice to American Bonding Company of the new trial setting by forwarding it a copy of a letter to that effect. The letter contained no reference to the defendant's failure to appear at the prior trial, nor did it contain any indication that notice of the new trial setting was given to the defendant.
When the case was called for trial on September 13, 1993, the defendant again failed to appear. The state then moved to forfeit the bond and offered evidence concerning the forfeiture. The court ordered the bond forfeited, and four days later, on September 17, 1993, filed a judgment to that effect. On the same day the judgment was filed, the Rapides Parish Clerk of Court filed an affidavit to the effect that notice of the judgment had been mailed to American Bonding Company.
On February 28, 1994, American Bonding Company filed pleadings to have the forfeiture judgment declared a nullity and to be discharged as surety for the defendant. Additionally, the bonding company requested a stay order to prevent any action to collect on the forfeited bond. After hearing, the trial court denied relief to the bonding company, and this appeal was perfected. In its appeal, American Bonding Company presents five assignments of error:
A. The trial court erred by not rendering a judgment of bond forfeiture forthwith after defendant did not appear for trial on February 9, 1993, as required by law.
B. The trial court erred by not ruling that because the requirements of La.R.S. 15:85 were not followed pertaining to the February 9, 1993, non-appearance of the defendant, the surety, appellant herein, was released from all obligations under the bond.
C. The trial court erred when it ordered the bond in this case forfeited on September 13, 1993, when the surety had *129 been released from all obligations under said bond.
D. The trial court further erred pertaining to the September 13, 1993, bond forfeiture in that the court did not consider proper evidence before ordering said bond forfeited; namely, that no evidence was introduced that indicated that the defendant was ever served to appear on the September 13, 1993, trial date.
E. The trial court erred by denying appellant's Petition for Nullity if [sic] Judgment and Motion for Discharge and Release of Surety.

OPINION
We begin our analysis by recognizing that bond forfeitures are not favored in the law. State v. Sanford, 634 So.2d 1221 (La. App. 1 Cir.1993). Thus, the state must strictly comply with the statutory procedure in bond forfeiture actions in order to obtain a valid bond forfeiture against a surety. State v. DeLaRose, 391 So.2d 842 (La.1980). With these legal concepts in mind, we turn to the analysis of the assignments of error argued by the bonding company.
Assignments of Error A, B, and C
In February of 1993, when the defendant first failed to appear, La.R.S. 15:85 provided in pertinent part:
A. All bonds taken to secure the appearance of any person before any district court executed by a surety company authorized to do business in the state of Louisiana or an agent of such a company, except at a preliminary examination, shall be forfeited and collected as follows:
(1)(a) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice or attempted notice to the defendant and the surety, if such is required by Code of Criminal Procedure Art. 337, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. (Emphasis added).
American Bonding Company argues that this statute mandates that the trial court enter a judgment decreeing a bond forfeiture when the defendant fails to appear.
A clear reading of this statute establishes that the trial court has no authority to render a bond forfeiture judgment sua sponte. The bonding company presents this court with no authority for the proposition that the state is required to move for a bond forfeiture at any time a defendant fails to appear. In State v. McCart, 627 So.2d 761, 765 (La.App. 2 Cir.1993), the court stated that
[t]here is no legislative mandate that the state move to forfeit a bond or that the court automatically forfeit every bond when a defendant fails to appear after receipt of notice. The statute clearly provides that the court shall forfeit the bond upon motion of the district attorney .... However, if the state does not desire to forfeit the bond, then it is not required to do so. Consequently, the state is not required to give the surety notice of defendant's non-appearance when the state does not elect to forfeit the defendant's bond.
The record does not reveal that a motion to forfeit the defendant's bond was presented to the trial court on February 9, 1993. We conclude that it is within the sound discretion of the state to not ask for forfeiture relief. Therefore, we affirm the trial court's conclusion that the failure to render a judgment of forfeiture on February 9, 1993, did not release American Bonding Company of its surety obligations under the issued bond. Since we find that the bond remained enforceable after February 9, 1993, it follows that the trial court had the authority, on proper motion, to order a judgment of forfeiture on September 13, 1993. These assignments of error are without merit.
Assignments of Error D and E
By Acts 1993, No. 834, § 4, La.R.S. 15:85 was amended, effective June 22, 1993, and provided at the time of the September 13, 1993 trial date as follows:
All bonds taken to secure the appearance of any person before any court executed *130 in the state of Louisiana shall be forfeited and collected as follows:
(1) Failure to appear and answer. If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal Procedure, shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond. (Emphasis added).
The bonding company argues that the evidence presented was insufficient to allow a bond forfeiture judgment in that the record contains no evidence to indicate that the defendant, Mans Batiste, was ever served with the new notice of trial.
The notice requirement is controlled by La.Code Crim.P. art. 344 which was added by Acts 1993, No. 834, § 1, effective June 22, 1993, and reads in pertinent part as follows:
B. When a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail, the defendant and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety, shall be given written notice of the time, date, and place the principal is required to appear. The notice may be delivered to the defendant and the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety by an officer designated by the court, at least two days prior to the day set for the appearance; or this notice may be mailed by United States first class mail to the defendant and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety, at least three days prior to the day set for the appearance. The notice shall be mailed to the defendant and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety to the address designated pursuant to Article 322. If the defendant appears as ordered and the proceeding is continued to a specific date, the defendant and the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety need not be given notice of the new appearance date. If the defendant fails to appear as ordered, or the proceeding is not continued to a specific date, the personal surety or the agent or bondsman who posted the bond for the commercial surety shall be given notice of the new appearance date. Failure to give notice, as required by this Article, relieves the surety from liability on a judgment of bond forfeiture for the defendant's nonappearance on that particular date.
Thus, the notice of trial issued July 19, 1993, was subject to the requirements of this article. The record does not contain any evidence of written notice to the defendant other than through his attorney of record. Notice to the attorney was delivered by the state by depositing a copy "in the box reserved for the defendant's attorney" in the Rapides Parish Courthouse. Although La. Code Crim.P. art. 344 requires notice to the defendant, it is not clear whether notice to the defendant's attorney satisfies that requirement. We do not reach the issue as to whether in all cases notice to the attorney of record is inadequate under this article but do conclude that in this case it is.
In reaching the conclusion in this case, we note that the state did not comply with the general notice requirements of the Code of Criminal Procedure and the local rules of the Ninth Judicial District Court in giving notice to the defendant of the new trial date. La. Code Crim.P. art. 702 provides in part that "[c]ourts shall adopt rules governing the procedure for setting cases for trial and giving notice thereof." Rule XXIV(C) of the Louisiana Rules of CourtRules of the Ninth Judicial District provides in part that if a trial date is not established at arraignment, notice of a later fixing is to be made by the district attorney's office on both the defendant and *131 his attorney of record as well as the defendant's surety or bondsman where applicable.
Thus, in this case, the defendant was not properly notified under the general requirements of the Code of Criminal Procedure as codified in the local rules of the Ninth Judicial District. The state's failure to properly notify the defendant is fatal to its effort to forfeit the defendant's bond. La.Code Crim.P. art. 344(B) specifically provides that failure to give the required notice "relieves the surety from liability on a judgment of bond forfeiture for the defendant's nonappearance on that particular date."

DISPOSITION
For the reasons assigned, the judgment of the trial court is reversed. The judgment of bond forfeiture rendered by the trial court on September 13, 1993, is set aside, and the surety, American Bonding Company, is relieved from liability on the judgment for the nonappearance of Mans Batiste on September 13, 1993.
REVERSED AND RENDERED.