666 So.2d 1124 (1995)
STATE of Louisiana, Plaintiff-Appellee,
v.
Matthew ROY (Ranger Insurance Company), Defendant-Appellant.
No. 95-724.
Court of Appeal of Louisiana, Third Circuit.
December 6, 1995.
Rehearing Denied February 22, 1996.
*1125 Patricia Head Minaldi, Asst. Dist. Atty., Frederick Wayne Frey, Cynthia Skerrett Killingsworth, Todd Samuels Clemons, Robert C. McCorquodale, Lake Charles, J. Clayton Culotta, New Orleans, for State.
Matthew Roy, for Matthew Roy.
William Noland, New Orleans, for Ranger Insurance Company.
Before YELVERTON and SULLIVAN, JJ., and KNIGHT[*], J. Pro Tem.
SULLIVAN, Judge.
This is an action for nullity of an appearance bond forfeiture judgment. Ranger Insurance Company, the commercial surety for defendant, Matthew Roy, appeals the trial court's dismissal with prejudice of its petition for nullity and request for a stay order. Ranger contends that the bond forfeiture judgment is null because the state failed to notify Ranger of the hearing at which the judgment was rendered. This omission, Ranger argues, violated its due process right to notice prior to having its property taken.
For the following reasons, we find no error in the trial court's dismissal of Ranger's nullity action and request for a stay order. Therefore, we affirm.

FACTS
Matthew Roy was arrested in December 1993 and charged with theft over $500, commonly known as felony theft. On December 11, 1993, Roy's release from jail was secured by a $2,500 bail bond which did not set Roy's appearance date. The bond was issued by Ranger through its local bondsman, Raymond Smith.
On January 18, 1994, a notice to appear on January 31, 1994 was mailed to Roy at his address as provided on the bond and to Ranger. On January 31, 1994, Roy failed to appear in court. The matter was passed.
On February 2, 1994, the state moved to forfeit the bond. Betty Owens, a Calcasieu Parish Sheriff's Deputy, testified that the notice of appearance date was sent to Roy *1126 and Ranger on January 18, 1994. The state presented as exhibits the notices sent and the bond. The trial court rendered a bond forfeiture judgment and issued a bench warrant for Roy's arrest. The trial court signed the bond forfeiture judgment on February 8, 1994. Notices of the bond forfeiture judgment were sent on February 11, 1994 via certified mail, return receipt requested to Ranger, its bondsman Smith and Roy.
On September 30, 1994, Roy filed a pro se motion for arraignment and speedy trial. At the time, he was incarcerated on unrelated charges at the Avoyelles Correctional Center in Cottonport, Louisiana. On October 26, 1994, the trial court granted Roy's motions and set his arraignment for October 31, 1994. He appeared in court on this date and explained that he did not appear on January 31, 1994 because he was in Florida looking for work. Roy said that, upon being bonded out on December 11, 1993, his bondsman told him that he would probably not have to appear in court for another six to eight months due to the trial court's docket backlog. Roy said that he had not talked to the bondsman since then. The trial court found Roy in contempt and sentenced him to three (3) days in jail with credit for time served. He pled not guilty to the felony theft charge and requested a jury trial. The trial court set a trial date of January 30, 1995.
On March 16, 1995, Ranger filed the present petition for nullity and request for a stay order. A hearing on the petition was held on April 13, 1995, after which the trial court denied the relief sought by Ranger. The trial court also signed judgment dismissing Ranger's action on that date.

LAW AND OPINION
On appeal, Ranger contends that the bond forfeiture judgment is null because (1) it was not rendered on the date of Roy's nonappearance, January 31, 1994, and (2) Ranger did not receive notice of the subsequent February 2, 1994 bond forfeiture hearing. According to Ranger, these procedural "flaws" violated its right to due process guaranteed by Article I, § 2 of the Louisiana Constitution and the Fourteenth Amendment to the United States Constitution. We disagree.
The essential elements of procedural due process are notice and an opportunity to be heard. The United States and Louisiana Constitutions guarantee that one may not be deprived of property without due process of law. State v. Likens, 577 So.2d 285 (La.App. 3 Cir.); writ denied, 580 So.2d 386 (La.1991).
La.Code Crim.P. art. 344 governs the notice of appearance date. Before a bond forfeiture can be ordered, proper service of notice of the appearance date must be made upon either the surety or the surety's agent or bondsman. State v. Mills, 390 So.2d 874 (La.1980); State v. Likens, 577 So.2d 285. The parties do not dispute that, insofar as the January 31, 1994 appearance date is concerned, the state complied with the article's requirements of notice. La.Code Crim.P. art. 344 provides, in pertinent part, as follows:
B. When a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail, the defendant and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety, shall be given written notice of the time, date, and place the principal is required to appear. The notice may be delivered to the defendant and the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety by an officer designated by the court, at least two days prior to the day set for the appearance; or this notice may be mailed by United States first class mail to the defendant and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety, at least three days prior to the day set for the appearance. The notice shall be mailed to the defendant and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety to the address designated pursuant to Article 322. If the defendant appears as ordered and the proceeding is continued to a specific date, the defendant and the personal *1127 surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety need not be given notice of the new appearance date. If the defendant fails to appear as ordered, or the proceeding is not continued to a specific date, the personal surety or the agent or bondsman who posted the bond for the commercial surety shall be given notice of the new appearance date. Failure to give notice, as required by this Article, relieves the surety from liability on a judgment of bond forfeiture for the defendant's nonappearance on that particular date. [Emphasis added.]
In the present case, the highlighted portion applies since Roy failed to appear as ordered on January 31, 1994, and the proceeding was not, at that hearing, continued to a specific date. When this occurs, the statute requires that, upon the setting of a new appearance date at some point after the hearing, the surety be given notice of the new appearance date only. It does not require the state to notify the surety of a subsequent bond forfeiture hearing date.
The bond forfeiture hearing took place on February 2, 1994, three days after Roy's failure to appear. La.R.S. 15:85 governs the procedure required in order for the state to forfeit a bond. It provides, in pertinent part, as follows:
All bonds taken to secure the appearance of any person before any court executed in the state of Louisiana shall be forfeited and collected as follows:
(1) Failure to appear and answer. If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal Procedure, shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond. [Emphasis added.]
It is well settled that, in order to obtain a bond forfeiture judgment against a surety, the state must strictly comply with the procedure provided in this statute. State v. Hathaway, 403 So.2d 737 (La.1981); State v. De-LaRose, 391 So.2d 842 (La.1980). In State v. Batiste, 94-1237 (La.App. 3 Cir. 4/5/95); 653 So.2d 127, this court held that the state is not required by this statute to move for a bond forfeiture every time a defendant fails to appear as ordered. We concluded that the phrase "on motion of the prosecuting attorney" places the decision as to whether to so move in the state's sound discretion. In other words, the court cannot sua sponte render a bond forfeiture judgment. If the state does not desire to forfeit the bond on the date of defendant's nonappearance, it is not required to do so. State v. McCart, 627 So.2d 761 (La.App. 2 Cir.1993).
Under this statutory scheme, the state can thereafter move to forfeit the bond without having to notify the surety of the defendant's nonappearance or of the prospective bond forfeiture hearing. If the state, in its discretion, can move for forfeiture on the date of nonappearance without having to notify the surety of the fact that defendant failed to appear, the state likewise does not have to notify the surety of the defendant's nonappearance to move for forfeiture at a later date. In the interim period, the bond remains enforceable. State v. Batiste, 653 So.2d 127. Additionally, there is no requirement in either La.Code Crim.P. art. 344 or La.R.S. 15:85 that the state notify the surety of the bond forfeiture hearing date.
We conclude that Ranger's procedural due process rights were not violated by the state's chosen procedure in this case. Ranger received notice of Roy's January 31, 1994 appearance date and knew that, if he did not then appear, the bond was subject to forfeiture, if the state chose to so move, on that or any subsequent date.
In undertaking the bond obligation, Ranger agreed to guarantee Roy's appearance in court. Ranger failed to perform its obligation in this regard. Ranger was properly notified of the appearance date. This notice satisfied the due process requirements because *1128 Ranger knew that, should the defendant fail to appear, its property was subject to forfeiture. Under due process, Ranger is entitled to this one notice of the appearance date. It cannot now claim that its due process rights were infringed upon by either the state's failure to move for bond forfeiture contemporaneously with Roy's nonappearance or the state's failure to send Ranger notice of the nonappearance and/or the subsequent bond forfeiture hearing. Requiring the state to do so would be giving Ranger more due process than it is entitled to and would amount to giving Ranger a second chance which its bond contract does not contemplate. The applicable statutes and due process do not require such notice.

DECREE
For these reasons, the judgment is affirmed. Costs are assessed to appellant, Ranger Insurance Company.
AFFIRMED.
NOTES
[*] Judge William N. Knight of the Thirty-first Judicial District participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.