670 So.2d 378 (1996)
STATE of Louisiana, Plaintiff-Appellee,
v.
Terry L. ROTRAMEL, Defendant-Appellant.
No. 95-1074.
Court of Appeal of Louisiana, Third Circuit.
January 31, 1996.
Frederick Wayne Frey, Lake Charles, for State of Louisiana.
William Noland, New Orleans, for Ranger Insurance Company.
Before COOKS, PETERS and GREMILLION, JJ.
GREMILLION, Judge.
This is an appeal by Ranger Insurance Company from a judgment granting a bond forfeiture and from a judgment denying Ranger's "Petition for Nullity of Judgment of Bond Forfeiture and Request for a Stay Order" by the trial court. For the following reasons, we affirm.

FACTS
Terry L. Rotramel was arrested in Calcasieu Parish for DWI, excessive speed, and *379 inattentive driving on August 2, 1993. On August 3, 1993, he entered into a bond agreement, as principal, with Ranger through its agent, Don Jones, with the condition that he personally appear before the Fourteenth Judicial District Court "when notified." Upon posting the bond, Rotramel was released from jail. On May 2, 1994, notice of the arraignment was mailed to both Rotramel and Jones commanding Rotramel's appearance on May 17, 1994. Rotramel did not appear, and a record was made noting that he was called for trial and failed to appear. A hearing for the purposes of forfeiting the bond was held on May 26, 1994, without notice of the hearing being sent to either Rotramel, Jones, or Ranger.
At the bond forfeiture hearing, Deputy Betty Jones testified she mailed notice of the arraignment to the bondsman on May 2, 1994, to the address listed on the bond. The "bonding contract" was also introduced into the record. It consisted of the Power of Attorney between Ranger and Jones and the bond agreement of August 3, 1993. A "Judgment of Appearance Bond Forfeiture" was executed by the trial judge on June 1, 1994, and was entered into the court minutes of June 3, 1994. On June 8, 1994, "Notice of the Judgment of Bond Forfeiture" together with a copy of the judgment was mailed by United States certified mail, return receipt requested to Rotramel, Jones, and Ranger. Ranger subsequently filed its petition for nullity and request for a stay order on March 6, 1995. A hearing was held on April 19, 1995, and Ranger's petition was denied. From this ruling, Ranger filed this appeal.

OPINION
Ranger asserts three assignments of error in its brief.[1] We will consider the second assignment of error first. Ranger complains the trial court erred in failing to forfeit the bond in these proceedings "immediately and forthwith" on May 17, 1994, as required by La.R.S. 15:85. Essentially, it alleges that it was deprived of its constitutional right to due process by the misapplication of La.R.S. 15:85 and La.Code Crim.P. art. 344. Ranger's claim is grounded on the fact that the state moved to forfeit the bond on May 26, nine days after Rotramel's initial appearance date, without notice to any party.
We recognize that bond forfeitures are not favored by law. State v. Hathaway, 403 So.2d 737 (La.1981); State v. Batiste, 94-1237 (La.App. 3 Cir. 4/5/95); 653 So.2d 127. Thus, the state must strictly comply with the statutory procedure in bond forfeiture actions in order to obtain a valid bond forfeiture. State v. DeLaRose, 391 So.2d 842 (La. 1980).
La.R.S. 15:85 provides the procedure for bond forfeitures. The statute reads in part:
All bonds taken to secure the appearance of any person before any court executed in the state of Louisiana shall be forfeited and collected as follows:
(1) Failure to appear and answer. If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal Procedure, shall immediately and forthwith issue a warrant for the *380 arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond.
(2) Signing of the judgment of bond forfeiture. Following the defendant's failure to appear, the court shall sign a written judgment of bond forfeiture.
(3) Notice of judgment.
(a) After entering the fact of the signing of the judgment of bond forfeiture in the court minutes, the clerk of court shall promptly mail notice of the signing of the judgment of bond forfeiture. The notice of the signing of the judgment shall be mailed by United States certified mail with return receipt to all the following:
(i) The defendant at the address designated pursuant to Code of Criminal Procedure Art. 322.
(ii) The personal sureties at the addresses designated pursuant to Code of Criminal Procedure Art. 322.
(iii) The agent or bondsman who posted the bond for the commercial sureties at the address designated pursuant to Code of Criminal Procedure Art. 322.
(iv) The commercial sureties at the addresses designated pursuant to Code of Criminal Procedure Art. 322. Notice to the commercial sureties shall include the power of attorney number used to execute the bond.
(b) After mailing the notice of the signing of the judgment of bond forfeiture, the clerk of court shall execute an affidavit of the mailing and place the affidavit and the return receipts in the record.
(c) Failure to mail proper notice of the signing of the judgment within sixty days after the defendant's failure to appear shall release the sureties of any and all obligations under the bond.
The standard for procedural due process is set out in Wilson v. City of New Orleans, 479 So.2d 891, 895 (La.1985) as follows:
If there is a deprivation of life, liberty or property which is based on disputed facts or issues, the individual whose interests are affected must be granted a fair procedure before a fair decision maker. However, this principal does not mean that the individual always has the right to a hearing before action is taken, or even to a personal hearing at any time. What is required is a procedure, not necessarily a hearing. In many of the cases where the court has found that there is a deprivation, it has required that the individual be granted a personal hearing prior to the government action.
(Citations omitted).
While the prosecuting attorney has some discretion as to when he may move for a bond forfeiture, it is not without the limitations as prescribed in La.R.S. 15:85. Upon moving for a bond forfeiture, the prosecuting attorney must present the necessary proof to the trial judge, who must immediately and forthwith issue the bond forfeiture. The trial judge must then sign a written judgment of bond forfeiture. Next, the clerk of court has to enter the signing of the judgment into the court minutes. The clerk must then promptly mail notice of the signing by certified mail, return receipt requested to the defendant and the agent or bondsman at the address shown on the bond and to the surety at the address listed on the power of attorney. Failure of the clerk of court to mail the proper notice to the parties within sixty days after the defendant's failure to appear releases the surety of its obligation under the bond agreement. The state, therefore, has a sixty day window from the defendant's non-appearance to fulfill the requirements of the statute. If the state does not meet these requirements, the surety is released from its obligation. Finally, the statute provides for the use of summary process by the surety to raise defenses and actions in nullity. La.R.S. 15:85(5). The bond forfeiture statute clearly provides specific procedures, with safeguards, that must be followed when the prosecuting attorney moves for a bond forfeiture after a criminal defendant fails to appear at the appointed time. Thus, the surety is provided *381 with substantial constitutional due process.
A clear reading of La.R.S. 15:85 reflects that the trial judge has no authority to render a bond forfeiture sua sponte. Further, there is no legislative mandate, nor jurisprudential authority that requires the state to move for a bond forfeiture at the time the defendant fails to appear. In fact, there are a number of recent cases that make it clear that the state may request a bond forfeiture after the date of the noticed appearance. See State v. Roy, 95-724 (La.App. 3 Cir. 12/6/95); 666 So.2d 1124 (bond forfeiture requested 2 days after defendant's noticed non-appearance); State v. Breaux, 94-1553 (La.App. 3 Cir. 5/31/95); 657 So.2d 371 (58 days); Batiste, 653 So.2d 127 (4 days); State v. Bercy, 628 So.2d 1323 (La.App. 3 Cir.1993) (18 days); State v. Cole, 618 So.2d 4 (La.App. 3 Cir.1993) (3 days).
The procedure set forth in La.R.S. 15:85, as applied in the instant case, meets the due process requirements of the Fourteenth Amendment of the United States Constitution and Article 1, Section 2 of the 1974 Louisiana Constitution as set forth in Wilson v. City of New Orleans, 479 So.2d 891 (La. 1985). Rotramel and Jones were properly notified of the May 17 hearing. Rotramel did not appear, and a record was made to memorialize that non-appearance. A hearing was held nine days later wherein the evidence required by the statute was produced. Immediately after the hearing, the trial judge issued a warrant of arrest and forfeited the bond. Six days after the bond forfeiture hearing, the judgment of bond forfeiture was signed by the trial judge, and two days later the signing of the judgment was recorded in the court minutes. Five days after the recordation, the clerk of court properly mailed the notice of judgment to Rotramel, Ranger, and Jones. Twenty-two days elapsed between Rotramel's non-appearance and the mailing of the notice of judgment to the parties.
It is noted that the state could have held a bond forfeiture hearing on May 17, 1994, without issuing notice of that hearing to any party. The proceedings held on May 26 were essentially the same proceedings which could have been held on May 17. See Bercy, 628 So.2d 1323; Cole, 618 So.2d 4. The notice requirement contemplated by La.R.S. 15:85(1) is that the defendant and his surety be sent notice of defendant's initial appearance, as required by La.Code Crim.P. art. 344. The state is not required to send notice to the defendant and his surety of the subsequent bond forfeiture hearing. The case of State v. Roy, 666 So.2d 1124, is strikingly similar to the instant case. In that case, the surety (Ranger) complained that it did not receive notice of the bond forfeiture hearing in the Fourteenth Judicial District held two days after its principal failed to appear. This court in Roy held:
Under this statutory scheme, the state can thereafter move to forfeit the bond without having to notify the surety of the defendant's nonappearance or of the prospective bond forfeiture hearing. If the state, in its discretion, can move for forfeiture on the date of nonappearance without having to notify the surety of the fact that defendant failed to appear, the state likewise does not have to notify the surety of the defendant's nonappearance to move for forfeiture at a later date. In the interim period, the bond remains enforceable. State v. Batiste, 653 So.2d 127. Additionally, there is no requirement in either La. Code Crim.P. art. 344 or La.R.S. 15:85 that the state notify the surety of the bond forfeiture hearing date.
Roy, 666 So.2d at 1127.
Likewise, Ranger was not prejudiced in the instant case when the State held the bond forfeiture hearing on May 26, 1994. Its right to due process was not violated. The trial judge was correct in his ruling and this assignment is without merit.
Appellant also urges the following assignments of error:
1. The trial court erred in denying appellant's Petition for Nullity of Judgment and Motion for Discharge and Release of Surety without a full and proper hearing.
3. The trial court erred in granting the State's exception of res judicata which *382 the State brought pursuant to the holding in State v. Bercy, infra.[2]
However, neither assignment was briefed. Pursuant to Rule 2-12.4 of the Uniform Rules of Louisiana Courts of Appeal, the court may consider as abandoned any assignment of error which has not been briefed. We consider these assignments abandoned.
For the foregoing reasons, the judgment appealed from is affirmed. Costs of this appeal are assessed against the defendant-appellant, Terry L. Rotramel.
AFFIRMED.
NOTES
[1] Appellant originally urged four assignments of error:

1. The trial court erred in granting the State's exception of res judicata which the State brought pursuant to the holding in State v. Bercy, 628 So.2d 1323 (La.App. 3 Cir. 1993), writ denied, 634 So.2d 397 (La. 1994).
2. The trial court erred in dismissing appellant's petition for nullity of judgment of bond forfeiture without allowing appellant.
3. The trial court erred in denying appellant's petition for nullity of judgment of bond forfeiture without a full and proper hearing. to present evidence at the hearing set in these proceedings.
4. The trial court erred in failing to forfeit the bond in these proceedings immediately and forthwith on May 17, 1994 as required by R.S. 15:85.
We assume that the underlined words following assignment number three are intended to complete assignment number two. Further, since both assignment number two and three raise essentially the same issue, we presume that appellant only meant to urge number three since it is the only one of the two appearing in its brief.
[2] Concerning assignment of error number three, we cannot find in the record that the state raised an exception of res judicata. It is our opinion that when the state asserted that the issue was res judicata in light of State v. Bercy, 628 So.2d 1323 (La.App. 3 Cir.1993), writ denied, 634 So.2d 397 (La.1994), it meant that the issue of whether notice informing the surety of an upcoming bond forfeture hearing was required was well settled by this court in Bercy.