686 So.2d 111 (1996)
BANKER'S INSURANCE COMPANY
v.
Hon. Duncan S. KEMP, III, District Attorney for the Twenty-First Judicial District Court.
No. 96 CA 0469.
Court of Appeal of Louisiana, First Circuit.
December 20, 1996.
*112 Charles M. Stevenson, Covington, for plaintiff-appellee.
Travis R. Amar, Amite, for defendant-appellant.
Ellis Paul Adams, Jr., Baton Rouge, for amicus curiae Louisiana District Attorney's Association.
Before LOTTINGER, C.J., and FOIL, and FOGG, JJ.
FOGG, Judge.
District Attorney for the Twenty-First Judicial District Court, Duncan S. Kemp, III, maintaining that the provisions of LSA-R.S. 15:85(7) are not the exclusive method for collection of judgments of bail bond forfeitures, appeals a district court decision granting a preliminary injunction and enjoining and prohibiting him from collecting bond forfeiture judgments against the plaintiff by the use of executory process and writs of fieri facias. We affirm.
This appeal arises out of four judgments of commercial bail bond forfeitures[1] which were entered in the Twenty-First Judicial District Court because certain principals failed to appear. At the end of the six-month period from the mailing of the notice of the signing of the judgments, writs of fieri facias were directed by the appellant to the Sheriff of East Baton Rouge Parish, ordering the Sheriff to seize the bonds of the appellee on deposit with the Commissioner of Insurance, State of Louisiana, to satisfy the judgments of bond forfeitures. The appellee then sought injunctive relief, which was granted by the district court.
By Act 834 of 1993, effective June 22, 1993, the Louisiana Legislature revised LSA-R.S. 15:85 as part of an effort that broadly amended and reenacted the state's bail bond laws, commonly referred to as the Bail Bond Reform Act. The issues presented by the appellant relate to these recent amendments and there is no case law directly on point. Therefore, we are faced with an issue of first impression.
We recognize that bond forfeitures are not favored by law. State v. Rotramel, 95-1074 (La.App. 3 Cir. 1/31/96); 670 So.2d 378. The provisions of the bond forfeiture statute are strictly construed. State v. Lanns, 95-0781 (La.App. 1 Cir. 11/9/95); 665 So.2d 66. Accordingly, the state must strictly comply with the statutory procedures in bond forfeiture actions in order to obtain a valid bond forfeiture. State v. Rotramel, 95-1074 (La.App. 3 Cir. 1/31/96); 670 So.2d 378.
The appellant contends that, although LSA-R.S. 15:85(7) states that the prosecuting attorney "shall" file a rule to show cause with the Commissioner of Insurance in accordance with LSA-R.S. 22:658.1, it does not restrict a judgment creditor from pursuing alternative methods of collection. He bases this assignment on the wording of LSA-R.S. 22:658.1(A) which states in pertinent part: "Any prosecuting attorney may file with the commissioner of insurance's office a rule to show cause...." (Emphasis added). The appellant contends that the word "may" allows for the collection of the judgment by any other legal means. In furtherance of this argument, he asserts that because LSA-R.S. 15:85 states that upon default of the conditions of the bail bond, the trial judge shall "order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond," should the defendant fail to appear in court as required, the civil law of the enforcement of a money judgment by writ of fieri facias should be applied. LSA-C.C.P. arts. 2291 through 2456.
Our reading of LSA-R.S. 15:85 differs from the appellant's interpretation. Initially, finding the language of LSA-R.S. 15:85 to be unambiguous, we refuse to disregard the letter of the law under the pretext of pursuing *113 its spirit. See LSA-R.S. 1:4. Courts are required to give effect to all parts of a statute and not adopt constructions making any part superfluous, meaningless, or nugatory, if that result can be avoided. First National Bank of Boston v. Beckwith Machinery Co., 94-2065 (La.02/20/95); 650 So.2d 1148.
When LSA-R.S. 15:85 was amended by Act 834 of 1993, the following language was deleted:
(2)(a) If within twentyfour hours after the rendition, under the provisions of this Section, of any judgment forfeiting any appearance bond, the judgment has not been paid, the district attorney shall cause the judgment to be recorded, and may, at any time, cause it to be recorded in every parish in which he thinks the recordation proper, and every such recordation shall be without cost and shall operate as a judicial mortgage against both the principal and his sureties. If the judgment has not been paid within six months of mailing of proper notice hereunder, the district attorney shall cause to issue a fieri facias against both the principal and his sureties.
When Subsection (2)(a) above was deleted, it was replaced with sections (7) and (8), which provide as follows:
(7) Enforcement and collection of judgment. No judgment of bond forfeiture shall be enforced or collected until the passage of six months after the mailing of proper notice of the signing of the judgment of bond forfeiture. The timely filing of a suspensive appeal shall suspend the enforcement or collection of the judgment of the bond forfeiture. In addition, the court may provide by court rule for the filing of an offset claim against the principal with the secretary of the Department of Revenue and Taxation, in accordance with R.S. 47:299.1 through 299.20. If a judgment of bond forfeiture against a commercial surety company has not been suspensively appealed nor satisfied, after six months from mailing of proper notice of the signing of the judgment of bond forfeiture, the prosecuting attorney shall file a rule to show cause with the commissioner of insurance in accordance with R.S. 22:658.1.
(8) Collection by insurance commissioner. Within thirty days of the filing of a rule to show cause by the prosecuting attorney with the commissioner of insurance, the commissioner of insurance shall notify the insurance company, the surety or Lloyd's association, in writing, at the address of the home office of that organization by certified mail, setting a time, place, and date of the commissioner's hearing, which shall not be more than sixty days from the date of receipt of notice from the prosecuting attorney. If after the hearing, the insurance commissioner finds that there is no just cause or legal reason for the surety's nonpayment, the commissioner shall take any action deemed necessary for collection of the amount owed, including suspension of the surety from doing business in the state of Louisiana.
We find that this was a clear mandate by the Legislature to restrict the method of collections of commercial bond forfeiture judgments to the provisions of LSA-R.S. 15:85 and the guidelines of LSA-R.S. 22.658.1. We do not find that the word "may" in LSA-R.S. 22:658.1 allows for another method of collection, rather it recognizes the traditional discretion afforded prosecution attorneys as to whether they will pursue a bond forfeiture judgment or not. This is evidenced by the fact that, although the legislature amended the statute to delete the reference to collection by fieri facias, it maintained the following language: "If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, ..." (Emphasis added). This was the language that convinced the Third Circuit, in the case of State v. Batiste, 94-1237 (La.App. 3 Cir. 4/5/95); 653 So.2d 127, the state is not required by LSA-R.S. 15:85 to move for a bond forfeiture every time a defendant failed to appear as ordered. The court concluded that the phrase "on motion of the prosecuting attorney" placed the decision as to whether to so move in the state's sound discretion; and held the court cannot sua sponte render a bond forfeiture judgment. State v. Batiste, 94-1237 (La.App. 3 Cir. 4/5/95); 653 So.2d *114 127. We agree with that interpretation of the language of LSA-R.S. 22:658.1. See also State v. Roy, 95-724 (La.App. 3 Cir. 12/6/95); 666 So.2d 1124. According, we find that the trial court was not in error in its interpretation of LSA-R.S. 15:85.
The appellant next argues that the appellee's attempt to enjoin the collection of the judgments constitutes a collateral attack upon the validity of a final judgment which is not permissible by law. The appellee counters with the argument that it is only complaining of the method of collection of the judgment, and has made no statements or filed any pleadings in this action related to an injunction to contest the judgments. We find that the appellee's argument is the more persuasive. The appellant is not enjoined from collecting these judgments if he proceeds pursuant to LSA-R.S. 15:85 and LSA-R.S. 22:658.1 and files a rule to show cause with the Commissioner of Insurance. Accordingly, this assignment of error lacks merit.
Finally, on behalf of the appellant's position, an amicus curiae brief was filed by the Louisiana District Attorney's Association. In addition to making the same argument as appellant regarding writs of fieri facias, the Association argues, for the first time in this court, that the trial court's ruling results in an unconstitutional abridgment of the judicial power. The law is well settled that issues not raised by the litigants cannot be raised by amicus curiae on appeal. Parent-Community Alliance for Quality Ed., Inc. v. Orleans Parish School Bd., 385 So.2d 33 (La.App. 4 Cir.1980), writ denied, 386 So.2d 1379 (La.1980). We decline to reach that issue raised for the first time in this court by a non-party.
For the foregoing reasons, we affirm the judgment of the trial court. Costs are assessed against the appellant.
AFFIRMED.
NOTES
[1] We note that this case deals solely with commercial bonds forfeitures.