PETERS, J.
This is an appeal of the trial court’s refusal to set aside a default judgment rendered against a bail bond’s insurer. Ranger Insurance Company (Ranger) issued an $80,000.00 surety bond to secure the court appearance of Mina Boliva on charges of possession of cocaine. Ms. Boliva failed to appear at a scheduled court proceeding, and as a result of her failure to appear, the trial court ordered the bond forfeited. After it was notified of the trial court’s action, Ranger filed a *602 petition to nullify the bond forfeiture proceeding, contending it was invalid for vice of form. The trial court rejected Ranger’s request for relief, and Ranger appealed. For the following reasons, we affirm the trial court’s judgment.
The facts giving rise to this appeal are not in dispute. On November 7,1993, Mina Boli-va was being held by Calcasieu Parish law enforcement authorities for possession of a large amount of cocaine. Her bond was set at $80,000.00. On that same day, Ranger, through its agent, James Mayo (Mayo), posted an $80,000.00 [¿appearance bond to secure her release from custody. Ms. Boliva signed the bond and affixed her address on the bond as 13046 Newbrook, Houston, Texas.
On the next day, Ms. Boliva, accompanied by a relative, visited Mayo’s office. The relative executed an indemnity agreement and informed Mayo that Ms. Boliva would be residing with her until the criminal charges were resolved. The relative - gave her address, 4110 Erie, Houston, Texas, as Ms. Boliva’s address and requested that all notices be forwarded to’ that address.[1] Mayo testified that, although he did not understand the conversation between Ms. Boliva and the relative, he believed it was Ms. Boliva’s intent to have the notice address changed on the appearance bond agreement.
On the same day, acting under the direction of Ms. Boliva and her relative, Mayo appeared at the Calcasieu Parish Sheriffs office and instructed an employee of the office to change the address affixed on the appearance bond by Ms. Boliva to the Erie Street address. Pursuant to Mayo’s instruction, the Newbrook Street address was replaced by typing the Erie Street address on the face of the bond.
Ms. Boliva’s first court appearance occurred on December 13, 1993, when she was arraigned and pled not guilty to the charge. Thereafter, she appeared on each occasion that notice was sent to the Erie Street address, until December 16, 1994, when she failed to appear for trial. On that day the state moved to forfeit Ranger’s bond. The record introduced in support of the forfeiture request included a copy of the notice of trial sent to the Erie Street address. The judgment resulting from that forfeiture hearing is the subject of Ranger’s nullity action and this appeal.
Ranger argues that the forfeiture proceeding was defective because the notice kto the Erie Street address was not adequate notice under La.Code Crim.P. art. 344, and that the failure to strictly comply with that Article releases it from its obligation. The trial court did not agree; nor do we.
La.R.S. 15:85(1) provides that an appearance bond "shall” be forfeited on the motion of the state if a defendant fails to appear and the state presents “proper evidence including: the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article SJ¡.k of the Code of Criminal Procedure.” (Emphasis added). The notice requirement applicable to the facts of this case is found in La.Code Crim.P. art. 344(B) which requires written notice to the defendant and surety pursuant to La.Code Crim.P. art. 322 when the bail bond itself does not fix a particular appearance date. Failure to give this notice “relieves the surety from liability on a judgment of bond forfeiture for the defendant’s nonappearance on that particular date.” La. Code Crim.P. art. 344(B)(4).
The controversy in this case centers on the requirements of La.Code Crim.P. art. 322(A) which provides:
The defendant when signing a bail bond shall write under his signature the address at which he resides. The address shall be conclusively presumed to continue for all proceedings on the bond, until he files in the proceeding in which the bond was given a written declaration changing the address.
(Emphasis added).
Ms. Boliva affixed the Newbrook Street address on the appearance bond as required by this provision. Thereafter, she never personally filed a written declaration in the criminal proceedings to change that address, but was never given a notice at the original address. The changed notice address was *603 supplied by Mayo, but at her instruction and under her direction.
[¡We recognize that enforcement of a bond forfeiture requires strict compliance with the forfeiture procedure statutes. State v. Batiste (Am. Bonding Co.), 94-1237 (La.App. 3 Cir. 4/5/95); 653 So.2d 127. The clear intent of the forfeiture statutes is to protect the surety company. However, strict construction does not require that we relieve a surety of its obligations because of technical statutory violations for which it is responsible. It is clear in this case that the party who failed to follow the proper procedure in changing the address was none other than the bond company representative. Simply put, we will not release Ranger from its bond obligation because of its own action.
Having reached this conclusion, we need not address the agency relationship which may have arisen between Mayo and Ms. Boli-va and whether Mayo’s actions satisfied the requests of La.Code Crim.P. art. 322(A).
DISPOSITION
For the foregoing reasons, the judgment of the trial court is affirmed in all respects. All costs are taxed against the appellant, Ranger Insurance Company.
AFFIRMED.
WOODARD, J., dissents and assigns written reasons.

. Ms. Boliva spoke only Spanish and communicated with Mayo through her relative translator.