11 LANDRIEU, Judge.
In this appeal, the state complains of the district court’s ruling to set aside a bond forfeiture judgment. The issue presented is whether La. Code Crim. Proe. art. 344 B(3) requires additional notice to the commercial surety, or its agent or bondsman who posted the bond for the commercial surety, when the defendant fads to appear as requested or when the state thereafter moves for forfeiture of the bond and a hearing thereon pursuant to La.Rev.Stat. 15:85 ensues. We hold that no further notice to the surety is required other than that set out in La. Code Crim. Proc. art. 344 B(l) and La.Rev.Stat. 15:85(3). We thus reverse the district court’s ruling of July 24, 1997, setting aside the judgment of bond forfeiture.
The defendant, Louis Wells, was arrested and subsequently released on a $3,000.00 commercial surety bond dated August 2, 1996. The bondsman was O.J. Porter, Sr., of Surety Associates, 2766 Perdido Street, acting as attorney in fact for the commercial surety, Ranger Insurance Co. of Houston, Texas.[1] On January 6,1997, the state filed a bill of information charging Wells with one count of I ¿possession of cocaine. Arraignment was set for January 27, 1997. On January 14th, a notice of arraignment was issued for Wells and the commercial surety. On January 18th, service was made on Mr. Porter on behalf of Ranger. Service on the defendant was attempted on January 17th, but he was unable to be served. On January 27th, the day set for arraignment, Wells failed to appear.
In court on the same day, the state entered three exhibits (the attempted service on Wells, the service on the surety, and the *1047 bond contract, which included the power of attorney) and moved for forfeiture of the bond. The district court then ordered the bond forfeited in favor of the state. Thereafter, notice of the judgment was sent by certified mail to Porter (the bondsman), Ranger (the commercial surety), and Wells (the defendant). Although Porter received noticé on February 4, 1997, and Ranger received notice two days later, receipt for the defendant’s notice was not returned.
In May of 1997, Ranger moved to set aside the bond forfeiture. Following a hearing on July 24, 1997, the district court granted Ranger’s motion. The district court apparently based its reversal of the previous judgment on the ground that the commercial surety was not given notice of a new appearance date when the defendant failed to appear, citing La. Code Crim. Proc. art. 344 B(3). The state appeals that ruling.
The state argues the district court erred in relying on Article 344 and points to La.Rev. Stat. 15:85 as support for its contention that the district court’s original judgment of forfeiture was correct. Ranger argues that other sections of Criminal District Court either issue an instanter subpoena upon the surety when the defendant fails to appear or set a new appearance date with notice to the surety. We conclude Ranger was afforded due process and properly given notice under the statutes.
|3In this case, the bail bond did not fix the appearance date; consequently, Part B of Article 344 applies:
(1)When a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail, the defendant and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety, shall be given written notice of the time, date, and place the principal is required to appear.
(2) The notice may be delivered to the defendant and the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety by an officer designated by the court, at least two days prior to the day set for the appearance; or this notice may be mailed to the defendant and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety, at least three days prior to the day set for the appearance. The notice shall be mailed to the defendant and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety to the address designated pursuant to Article 322.[2]
(3) If the defendant appears as ordered and the proceeding is continued to a specific date, the defendant and the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety need not be given notice of the new appearance date. If the defendant fails to appear as ordered, or the proceeding is not continued to a specific date, the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety shall be given notice of the new appearance date. [Emphasis added.]
(4) Failure to give notice, as required by this Paragraph, relieves the surety from the liability on a judgment of bond forfeiture for the defendant’s nonappearance on that date.
The underlined portion above is the clause relied upon by the district court and by Ranger. However, the requirement of notice of a new appearance date |4does not translate into a requirement that the district court set a new appearance date or that the commercial surety or the agent or bondsman who posted the bond for the commercial *1048 surety be notified before the court rules on the motion to forfeit the bond. Indeed, as set forth below, La.Rev.Stat. 15:85 provides for an immediate hearing on the state’s motion when the defendant fails to appear; no further notice to the surety is required. La. Rev.Stat. 15:85 provides:
All bonds taken to secure the appearance of any person before any court executed in the state of Louisiana shall be forfeited and collected as follows:
(1) Failure to appear and answer. If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney if any; and the notice to .the defendant and the surety as required by Article 344 of the Code of Criminal Procedure, shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and against the defendant and his sureties order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond.
(2) Signing of the judgment of bond forfeiture. Following the defendant’s failure to appear, the court shall sign a written judgment of bond forfeiture.
Under La.Rev.Stat. 15:85, the commercial surety is not without recourse to the summary and ex parte nature of the proceeding. The surety, of course, could have made itself available at the scheduled appearance. Nevertheless, under the statute, notice of the signing of the judgment of bond forfeiture must be sent to the defendant and the surety. Thereafter, the surety is allowed six months from the signing of the judgment of forfeiture to produce the absentee defendant. If the surety produces the defendant within that period, the bond forfeiture is automatically set aside. The surety may also contest the judgment of bond forfeiture, asserting certain defenses, or appeal the judgment. La.Rev.Stat. 15:85 thus provides, in pertinent part:
(3) Notice of judgment.
|s(a) After entering the fact of the signing of the judgment of bond forfeiture in the court minutes, the clerk of court shall promptly mail notice of the signing of the judgment of bond forfeiture. The notice of the signing of the judgment of the bond forfeiture shall be mailed by United States certified mail with return receipt to all the following: ' • ■
(i) The defendant....
(ii) The personal sureties_
(iii) The agent or bondsman who posted the bond for the commercial sureties....
(iv) The commercial sureties.... Notice to the commercial sureties shall include the power of attorney number used to execute the bond.
* sfí * * *
(5) Summary proceedings. The defendant and his sureties shall be entitled to bring defenses and actions in nullity by Use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within sixty days from the mailing of the signing of the judgment of bond forfeiture. ...
* * * * , * *
(7) Enforcement and collection of judgment. ... If after six months and ten days from the mailing of proper notice of the signing of the judgment, a judgment of bond forfeiture against a commercial surety company has not been suspensively appealed nor satisfied or proceedings challenging the bond forfeiture have not been timely filed, the prosecuting attorney may either file a rule to show cause with the commissioner ' of insurance in accordance with R.S. 22:658.1 or collect the judgment in the same manner as a civil judgment.
* * * * * *
(10) Satisfaction of judgment of bond forfeiture. Any judgment forfeiting the appearance bond rendered according to this Section shall at any time, within six months, after mailing of the notice of the signing of the judgment of bond forfeiture, be fully satisfied and set aside upon the surrender or the appearance of the defendant. The appearance of the defendant shall operate as a satisfaction of the judg- ’ ment and the surrender shall operate as a *1049 satisfaction of the judgment and shall fully and finally relieve the surety of any and all obligations under the bond. Any judgment forfeiting the appearance bond rendered according to this Section shall at any time, within ten days after the expiration of the six-month period provided to surrender the defendant, be fully satisfied by the payment of the amount of the bail obligation without incurring any interest, costs, or fees.
| eWhether the commercial surety has been afforded sufficient due process under the applicable statutes was the issue confronted by the Third Circuit in State v. Roy, 95-724 (La.App. 3 Cir. 12/6/95), 666 So.2d 1124. There, as here, the defendant was released on bond without an appearance date. Notice of the appearance date was sent to the defendant and the commercial surety, also Ranger Insurance, through its bondsman. The defendant, however, failed to appear. Three days later, the state moved to forfeit the bond. The state produced evidence of the bond and the notices sent; thereafter, the district court rendered a bond forfeiture judgment and issued a bench warrant for the defendant’s arrest. The court signed the judgment six days later and sent notice of the signing to Ranger and the defendant. Ranger sought to nullify the judgment arguing that the judgment was not rendered on the date of the defendant’s nonappearance and that the surety was not given notice of the bond forfeiture hearing. In rejecting Ranger’s argument, the appellate court noted that Article 344’s provision that the surety be notified of the “new appearance date” did not refer to a bond forfeiture proceeding. The court held that the language does not require the state to notify the surety of a subsequent bond forfeiture hearing date. The court reasoned as follows:
In undertaking the bond obligation, Ranger agreed to guarantee Roy’s appearance in court. Ranger failed to perform its obligation in this regard. Ranger was properly notified of the appearance date. This notice satisfied the due process requirements because Ranger knew that, should the defendant fail to appear, its property was subject to forfeiture. Under due process, Ranger is entitled to this one notice of the appearance date. It cannot now claim that its due process rights were infringed upon by either the state’s failure to move for bond forfeiture contemporaneously with Roy’s nonappearance or the state’s failure to send Ranger notice of the nonappearance and/or the subsequent bond forfeiture hearing. Requiring the state to do so would be giving Ranger more due process than it is entitled to and would amount to giving Ranger a second chance which its bond contract does not contemplate. The applicable statutes and due process do not require such notice.
State v. Roy, 95-724, p. 6, 666 So.2d at 1127-28.
Rln the instant case, Ranger was also accorded sufficient due process. Pursuant to Article 344, the state properly provided notice of the defendant’s appearance date to Ranger through its bondsman, Porter. Ranger makes no argument otherwise. Upon the defendant’s nonappearance, the state, within its discretion, immediately moved for forfeiture of the bond. Thereafter, the state, in compliance with La.Rev. Stat. 15:85(1), introduced proof of service of the notice, of appearance on Ranger’s bondsman, proof of attempted service of the notice on the defendant, and the bond contract, including the power of attorney. Additionally, Ranger was provided with notice of the signing of the judgment of bond forfeiture pursuant to La.Rev.Stat. 15:85(3). As the Roy court held, the commercial surety was entitled to no more due process than that set forth in the statutes. Because the district court complied with both statutes before signing the judgment of bond forfeiture, that judgment was proper. Accordingly, the ruling setting aside the judgment of bond forfeiture is reversed and the judgment is reinstated.

REVERSED; JUDGMENT OF BOND FORFEITURE REINSTATED.

. Porter’s name is written as “Poter" on the bond.

. Article 322 designates that the address appearing on the bond under the defendant's signature is presumed to be the defendant's address throughout the proceedings unless a written declaration of a change of address is filed. The same holds for the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety. In this case, service of the notice of arraignment was attempted at the defendant’s address provided on the bond. In its brief, Ranger alleges that the address for service did not include an apartment number. The address on the bond does not have an apartment number. A notation on the notice by the server indicates the address was "incomplete.”