927 So.2d 570 (2006)
STATE of Louisiana
v.
Vondetta P. McLAURIN.
No. 05-CA-857.
Court of Appeal of Louisiana, Fifth Circuit.
March 28, 2006.
*571 Kenneth J. Beck, Gretna, Louisiana, for Appellant.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Desiree M. Valenti, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY, and FREDERICKA HOMBERG WICKER.
JAMES L. CANNELLA, Judge.
A bail bonding company, Banker's Insurance Company (Banker's), appeals from the trial court judgment denying its Motion to Set Aside Judgment of Bond Forfeiture pertaining to the bond it posted on behalf of Vondetta McLaurin (McLaurin). For the reasons which follow, we reverse and remand.
Following McLaurin's arrest for theft of goods valued at over $500, she posted an appearance bond on September 27, 2001 in the amount of $5,000. It was a commercial bond and the surety on the bond was Banker's. On the bond, it was specified that McLaurin was to appear in court on "Tuesday, November 13, 2001 at 10:00 A.M." According to a subpoena contained in the record, the date was changed to November 15, 2001. Rather than being served by mail at the address given by McLaurin on the bond, personal service on her was attempted by the Sheriff's office. The subpoena was returned unserved and marked "Not At This Address" with a hand written notation that it was a "New Building" and "Under Construction." Banker's was not served with the change of date for McLaurin's appearance.
Banker's contends that McLaurin did appear in court on the original date on which she was ordered to appear, November 13, 2001, and at that time filled out a change of address form. The change of address form contained in the record is dated November 13, 2001, but has no official date stamp. On November 15, 2001, when McLaurin did not appear in court for her arraignment, an attachment was issued for McLaurin and the bond was ordered forfeited. After being provided with the notice of bond forfeiture judgment, Banker's filed a Motion to Set Aside Judgment of Bond Forfeiture. A hearing was held on the motion after which the district court denied the motion to set aside the bond forfeiture. It is from this ruling that Banker's appeals.
On appeal Banker's argues that the trial court erred in denying its motion to set aside the bond forfeiture because proper procedure was not followed preceding the judgment of forfeiture. Banker's points out that there is no showing in the record that McLaurin was given notice of the change in her court date and no proof in the record that Banker's was delivered or mailed notice of the changed date. Banker's contends that, absent record proof of delivery or mailing of the court date to the principal and the surety, the judgment of forfeiture was improperly rendered and the trial court erred in denying its motion to set it aside.
The State contends that Banker's argument that the bond forfeiture was improperly granted because it was not notified of the change of date was not raised in the trial court and therefore cannot be raised on appeal. Further, the State argues that an unsatisfied attempt of personal service of the change of court date complies with the statutory requirements.
There are three pertinent provisions relating to the issue before us. La.C.Cr.P. art. 344, providing for the right to notice of time and place of a defendant's required appearance, provides:

*572 A. When a bail bond fixes the initial appearance date, no additional notice is required to be given to the defendant or the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety, if the defendant appears as ordered. If a defendant fails to appear when a bail bond fixes the initial appearance date, no additional preforfeiture notice for that date is required to be given to the defendant or the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety. The bond shall be forfeited forthwith as per R.S. 15:85.
B. (1) When a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail, the defendant and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety, shall be given written notice of the time, date, and place the principal is required to appear.

(2) The notice may be delivered to the defendant and the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety by an officer designated by the court, at least two days prior to the day set for the appearance; or this notice may be mailed by United States first class mail to the defendant and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety, at least three days prior to the day set for the appearance. The notice shall be mailed to the defendant and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety to the address designated pursuant to Article 322.
(3) If the defendant appears as ordered and the proceeding is continued to a specific date, the defendant and the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety need not be given notice of the new appearance date. If the defendant fails to appear as ordered, or the proceeding is not continued to a specific date, the personal surety or the agent or bondsman who posted the bond for the commercial surety shall be given notice of the new appearance date.
(4) Failure to give notice, as required by this Paragraph, relieves the surety from liability on a judgment of bond forfeiture for the defendant's nonappearance on that particular date. (Emphasis added.)
La.C.Cr.P. art. 322, concerning the declaration of residence by the defendant, provides in pertinent part:
A. The defendant when signing a bail bond shall write under his signature the address at which he resides. The address shall be conclusively presumed to continue for all proceedings on the bond, until he files in the proceeding in which the bond was given a written declaration changing the address.
La. R.S. 15:85, on the procedure for forfeiting an appearance bond, provides in pertinent part:
All bonds taken to secure the appearance of any person before any court executed in the state of Louisiana shall be forfeited and collected as follows:
(1) Failure to appear and answer. If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney if any; and the notice to the defendant and the surety *573 as required by Article 344 of the Code of Criminal Procedure, shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond. (Emphasis added.)
In considering how these statutes apply to the facts of this case, we are mindful that bond forfeitures are not favored by law. State v. Hathaway, 403 So.2d 737 (La.1981); State v. Rotramel, 95-1074 (La.App. 3rd Cir.1/31/96), 670 So.2d 378. Strict compliance with the statutes is required. Banker's Ins. Co. v. Kemp, 96-0469 (La.App. 1st Cir.12/20/96), 686 So.2d 111; State v. Lanns, 95-0781 (La.App. 1st Cir.11/9/95), 665 So.2d 66. Thus, the State must strictly comply with the statutory procedure in bond forfeiture actions in order to obtain a valid bond forfeiture. State v. DeLaRose, 391 So.2d 842 (La.1980); State v. Rotramel, 95-1074 (La.App. 3rd Cir.1/31/96), 670 So.2d 378.
Applying the above precepts to the case before us, we find that the bond was improperly forfeited and the trial court ruling denying Banker's motion to set aside the bond forfeiture was erroneous. In reading the applicable statutes together, it is clear that a judgment of bond forfeiture is only to be rendered upon proof of delivery or mailing of notice of the appearance date to the surety, when that date has been changed from the one listed on the appearance bond. The record in this case does not show that the prosecuting attorney, prior to entry of the bond forfeiture judgment, presented evidence that Banker's was notified of the changed appearance date for McLaurin, nor does anyone allege herein that Banker's was given such notice. Failure to give the statutorily required notice relieves the surety of liability on the bond. The purpose of enforcing strict compliance with notice provisions in bond forfeiture statutes is to provide prompt and adequate notice to the surety so the surety can quickly identify its bond obligation, locate the defendant, and surrender them to the court for trial. In re Bond Forfeitures Against Indiana Lumbermens Mut. Ins. Co. in Baton Rouge City Court, 633 So.2d 715 (La.App. 1st Cir.1993), writ denied, 94-0245 (La.3/18/94), 634 So.2d 859, certiorari denied, 513 U.S. 822, 115 S.Ct. 85, 130 L.Ed.2d 37. Because Banker's was not notified of the change in the appearance date, it was deprived of the chance to ensure the principal's appearance in court, thwarting the purpose of the statute. Thus, we find that where, as here, there is no evidence that the surety was provided notice of the changed appearance date, under the clear wording of the statute, the judgment of bond forfeiture was erroneously rendered and should have been set aside upon Banker's motion.
The State argues that, because this argument was not raised in the district court at the hearing to set aside the forfeiture judgment, it cannot now be raised. We disagree. First, it can be argued that counsel for Banker's did attempt to raise this very point at the hearing but was cut off. During the argument phase of the hearing, counsel for Banker's admitted that McLaurin had breached her obligation to the court, but tried to draw a distinction between her and Banker's concluding, "[t]hat's why the statute is written the way it does and says that there has to be notice." Thus, when read in context, it does appear that the issue of lack of notice to Banker's was raised. Second, we find that the statute setting out the procedure for bond forfeiture is mandatory and, absent compliance, where the bond forfeiture is timely challenged, as was the case here, *574 and the record does not evidence compliance with the statutory mandates, it cannot stand.[1]
Accordingly, for the reasons stated above, the ruling denying Banker's motion to set aside the bond forfeiture is reversed based on our finding that the judgment forfeiting the bond was not in compliance with the statutory requirements and was, therefore, erroneously rendered. The case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] In view of our finding on this point, that the bond forfeiture judgment was erroneously entered, we do not review the argument concerning improper notice to McLaurin. However, we note that where the record indicates that she appeared on the originally specified date (November 13, 2001) and filed a change of address form on that date, an earlier attempt of personal service of notice of the changed appearance date was not effected and McLaurin has since appeared in court, and considering that bond forfeiture provisions are not favored and are to be strictly construed, it is doubtful that these facts would support a forfeiture judgment.