951 So.2d 421 (2007)
STATE of Louisiana
v.
Brenda A. WEAVER.
No. 06-CA-576.
Court of Appeal of Louisiana, Fifth Circuit.
January 16, 2007.
*422 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Anne M. Wallis, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellant.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and FREDERICKA HOMBERG WICKER.
MARION F. EDWARDS, Judge.
Plaintiff-appellant, the State of Louisiana ("the State"), appeals from a trial court judgment that granted defendant-appellee's Motion to Set Aside Bond Forfeiture. For the reasons that follow, we reverse and remand for further proceedings.
Defendant-appellee, Brenda Weaver ("Weaver"), was released on a $20,000 commercial appearance bond on December 23, 2003, after being charged with criminal treatment of a juvenile on May 19, 2004. Bankers Insurance Company acted as surety for the bond. The record reflects that the address provided by Weaver on the appearance bond was 2839 Salem Street in Kenner.
Weaver was subpoenaed to appear in Commissioner's Court for the Parish of Jefferson on July 7, 2004 for arraignment. The return on that subpoena stated that the Jefferson Parish Sheriff's Office was unable to serve Weaver at the address provided after making five attempts. Weaver was then subpoenaed to appear before the Commissioner's Court for an August 4, 2004 arraignment. Once again the record reflects that the Sheriff's Office was unable to serve Weaver at the address provided after making five attempts.
Weaver was then personally served on August 11, 2004 at the Salem address with a subpoena to appear before the court on September 15, 2004. Weaver was also served on September 24, 2004 at the Salem address to appear before the court on October 13, 2004.
Six subsequent subpoenas to Weaver at the Salem address were identified as undelivered for a variety of reasons. First, it was indicated an apartment number was needed to effectuate service. An apartment number then did appear on a subpoena dated February 24, 2005.[1] The last subpoenas sent to Weaver returned were marked "Not at this address per resident."
After a failure to appear before the court on December 12, 2005, Weaver's bond was forfeited. The return on the subpoena issued to Weaver for the December 12, 2005 court date noted "Not at this address per resident." The address on the subpoena was 2839 Salem Street, Apartment B.
On January 31, 2006, Bankers Insurance Company filed a Motion to Set Aside Judgment of Bond Forfeiture and Petition for Nullity of Judgment, which was heard by the trial court on May 15, 2006. The trial court granted defendant's motion on that same date.
The State timely filed the present appeal.

LAW AND ARGUMENT
On appeal, the State's lone assignment of error is that the trial court erred *423 in granting defendant's Motion to Set Aside Bond Forfeiture.
LSA-C.Cr.P. art. 322 states:
A. The defendant when signing a bail bond shall write under his signature the address at which he resides. The address shall be conclusively presumed to continue for all proceedings on the bond, until he files in the proceeding in which the bond was given a written declaration changing the address.

(Emphasis added.)
LSA-C.Cr.P. art. 344, providing for the right to notice of time and place of a defendant's required appearance, states:
A. When a bail bond fixes the initial appearance date, no additional notice is required to be given to the defendant or the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety, if the defendant appears as ordered. If a defendant fails to appear when a bail bond fixes the initial appearance date, no additional preforfeiture notice for that date is required to be given to the defendant or the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety. The bond shall be forfeited forthwith as per R.S. 15:85.
B. (1) When a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail, the defendant and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety, shall be given written notice of the time, date, and place the principal is required to appear.

(2) The notice may be delivered to the defendant and the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety by an officer designated by the court, at least two days prior to the day set for the appearance; or this notice may be mailed by United States first class mail to the defendant and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety, at least three days prior to the day set for the appearance. The notice shall be mailed to the defendant and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety to the address designated pursuant to Article 322.
(3) If the defendant appears as ordered and the proceeding is continued to a specific date, the defendant and the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety need not be given notice of the new appearance date. If the defendant fails to appear as ordered, or the proceeding is not continued to a specific date, the personal surety or the agent or bondsman who posted the bond for the commercial surety shall be given notice of the new appearance date.
(4) Failure to give notice, as required by this Paragraph, relieves the surety from liability on a judgment of bond forfeiture for the defendant's nonappearance on that particular date.

(Emphasis added.)
LSA-R.S. 15:85, on the procedure for forfeiting an appearance bond, in pertinent part, provides:
All bonds taken to secure the appearance of any person before any court executed in the state of Louisiana shall be forfeited and collected as follows:
(1) Failure to appear and answer. If at the time fixed for appearance the defendant fails to appear and answer *424 when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal Procedure, shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond.
(Emphasis added.)
As this Court noted in the recent case of State v. McLaurin:[2]
[W]e are mindful that bond forfeitures are not favored by law. State v. Hathaway, 403 So.2d 737 (La.1981); State v. Rotramel, 95-1074 (La.App. 3rd Cir.1/31/96), 670 So.2d 378. Strict compliance with the statutes is required. Banker's Ins. Co. v. Kemp, 96-0469 (La. App. 1st Cir.12/20/96), 686 So.2d 111; State v. Lanns, 95-0781 (La.App. 1st Cir.11/9/95), 665 So.2d 66. Thus, the State must strictly comply with the statutory procedure in bond forfeiture actions in order to obtain a valid bond forfeiture. State v. DeLaRose, 391 So.2d 842 (La.1980); State v. Rotramel, 95-1074 (La.App. 3rd Cir.1/31/96), 670 So.2d 378.
In the present case, the record shows the address appearing above Weaver's signature to be "2839 Salem Street, Kenner LA." Pursuant to LSA-C.Cr.P. art. 322, this address provided by Weaver is presumed to be correct for all proceedings. The record shows that Weaver was, in fact, twice successfully served at this address both through personal and domiciliary service.
At the hearing on its Motion, Bankers Insurance Company argued:
MR. BECK [FOR BANKER'S INSURANCE COMPANY]:
Looking at the history of the notices to the defendant when the defendant was served at 2839 Salem Street, the defendant received service by personal mail one timepersonal service one time and by domiciliary service another time.
When the State started putting on its motionon its subpoena Apartment B, it started coming back "Unable to serve. Not at this address." And that's where we were when this judgment of bond forfeiture was rendered. There was a return on the defendant "Not at this address," and that's not sufficient evidence to support a judgment of bond forfeiture under 1585.
Conversely, the State asserted at the hearing that it had not requested the change in address on the subpoenas that were to be served upon Weaver:
MR. PACIERA [FOR THE STATE]:
As far as the "B" being an apartment, that's simply a more definite address and the only way that could have been added is if in court when the defendant showed up one of the times was asked is there an apartment number and he [sic] would have given that apartment number. At any rate, it's still the address the physical address of the defendant.
The State further contended at the hearing, as it does on appeal, that where a defendant provides an incorrect address on a surety bond, and the State proves that it sent notice of the hearing date by attempting to serve the defendant at the incorrect address, proof of notice is satisfied under LSA-R.S. 15:85.
*425 Our determination of the issue in this case, therefore, turns on findings of whether Weaver provided an incorrect address on her bond, in violation of LSA-C.Cr.P. art. 322, or, in the alternative, whether the State failed to provide service to a valid address pursuant to LSA-C.Cr.P. art. 344.
We first note that the address provided by Weaver on the bond of 2839 Salem Street in Kenner was clearly correct at the outset, as evidenced by the fact that she was twice served there. What the record does not demonstrate, however, is whether or why Weaver could no longer be served at 2839 Salem Street after a certain point in time. After twice successfully serving Weaver at that Salem Street address without any designated apartment number, the Sheriff's Office noted on the December 10, 2004 return that it needed an apartment number to deliver the subpoena to Weaver. In the subpoenas that follow, which contain the addition of "Apartment B" to the address for service, the Sheriff's Office notes that Weaver was "not at this address." It is not clear, however, whether the "address" refers to the initial address of the building at 2839 Salem Street, or to the more specific address of "Apartment B."
Furthermore, in spite of conflicting assertions by both the State and Bankers Insurance Company, there is no evidence in the record to support how the added information of "Apartment B" to the Salem address was made. Without this evidence, it is impossible for this Court to determine whether the State provided proof of notice sufficient to sustain the bond forfeiture.
For the foregoing reasons, the judgment of the trial court, which set aside the bond forfeiture, is hereby reversed, and we remand for an evidentiary hearing and further proceedings. On remand, the trial court should address the following issues: whether Weaver breached her bail obligation by failing to provide a correct address on her bond; why service on Weaver at the Salem address by the Jefferson Parish Sheriffs Office, without further designation of an apartment number, was no longer possible after service was twice successful at the Salem address alone, and; by what means was the apartment number added to subpoenas sent to Weaver after a certain point in time, specifically, was the apartment number added by Weaver or the State?
Each party to the appeal is to bear its own cost.
REVERSED AND REMANDED.
NOTES
[1] As discussed, infra, it is unclear from the record how the additional address information was provided since no formal written motion was made by either the State or Weaver.
[2] 05-857 (La.App. 5 Cir. 3/28/06), 927 So.2d 570, 573.