999 So.2d 49 (2008)
CITY OF NEW ORLEANS
v.
Clarence YOUNG (International Fidelity Insurance Company).
Nos. 2008-KA-0653, 2008-KA-0654.
Court of Appeal of Louisiana, Fourth Circuit.
November 12, 2008.
Penya Moses-Fields, City Attorney, Shawn Lindsay, Assistant City Attorney, Heather M. Valliant, Assistant City Attorney, Charlene C. Larche, Deputy City Attorney, Albert A. Thibodeaux, Chief Deputy City Attorney, New Orleans, LA, for City of New Orleans.
William Noland, Brandon, MS, for Appellant, International Fidelity Insurance Company.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge EDWIN A. LOMBARD, Judge ROLAND L. BELSOME).
ROLAND L. BELSOME, Judge.
In this appeal, appellant, International Fidelity Insurance Company (IFI), seeks review of the municipal judgment ordering bond forfeiture and denying IFI's petition for nullity of bond forfeiture. For the reasons which follow, we reverse.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
On June 18, 2006, a police officer arrested Clarence Young (Young) and charged Young with committing a domestic battery in violation of Municipal Code Statute 54:26 in case number 992-571. IFI, through its agent, executed a commercial surety appearance bond. IFI presented *50 the agent with a power of attorney. The bond and power of attorney were placed in the record.
The bond contained a date of July 12, 2006 for Young to appear in court. On July 12, 2006, Young signed a notice of court date, instructing Young to appear on September 20, 2006.
On September 20, 2006, Young failed to appear in court. The city attorney moved for bond forfeiture. The court issued a judgment of bond forfeiture on September 20, 2006. a second judgment of bond forfeiture was also issued when Young failed to appear for case number 963-613 on September 20, 2006. The appeal taken from that judgment bears docket number 2008-KA-0654 and is hereby consolidated with 2008-KA-0653.

STANDARD OF REVIEW
Bond forfeitures are not favored by law. State v. McLaurin, 2005-857, p. 5 (La.App. 5 Cir. 3/28/06), 927 So.2d 570, 573, citing State v. Hathaway, 403 So.2d 737 (La.1981). In order to obtain a valid bond forfeiture, the State must strictly comply with the provided statutory procedure for bond forfeiture actions. McLaurin, 2005-857, p. 6, 927 So.2d at 573.

DISCUSSION
The statutory procedure for forfeiting a bond is found in La. R.S. 15:85. La. R.S. 15:85(1) provides in pertinent part:
If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal Procedure, shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond.
The record contains a bail contract, a power of attorney, and notice to the defendant and the surety as required by La.C.Cr.P. art. 344. The record lacks a transcript from the bond forfeiture hearing. Without a transcript, we cannot determine whether the bail contract, power of attorney, and notice to the defendant were properly offered and introduced into evidence at the September 20, 2006 hearing. "Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal." Denoux v. Vessel Management Services, Inc., 2007-2143, p. 6 (La.5/21/08), 983 So.2d 84, 88. See also Carmouche v. Department of Public Safety and Corrections, 618 So.2d 1220 (La.App. 5 Cir. 1993). While the bail contract, power of attorney, and notice to the defendant were in the record, there is no indication the documents were properly and officially offered and into evidence.
Therefore, we find the municipal court erred in ordering a judgment of bond forfeiture and erred in denying the petition for nullity of judgment of bond forfeiture. Considering our finding, we pretermit discussion of the remaining assignment of error.
Accordingly, we reverse the judgment of the trial court ordering a judgment of bond forfeiture.
REVERSED.