FREDERICKA HOMBERG WICKER, Judge.
 

 12This is a bail bond forfeiture proceeding in which the commercial surety Bankers Insurance Company (“Bankers”) filed a devolutive appeal from an August 27, 2008 judgment denying its Motion to Set Aside and Nullify the Judgment of Bond Forfeiture. For the foregoing reasons, we reverse.
 

 FACTS AND PROCEDURAL HISTORY
 

 The relevant facts are these. On December 23, 2003, Bankers Insurance Company, through its agent Bail Bonds Unlimited, posted a bond for the release of Brenda Weaver (“the defendant”) from the Jefferson Parish Correctional Center. The bond lists the defendant’s address as “2839 Salem St. Kenner, LA.” There was no apartment number or designation on the bond at that time. On May 19, 2004, the defendant was charged by bill of information with one count of cruelty to a juvenile, a violation of La. R.S. 14:93.
 

 Several attempts were made to serve the defendant with a subpoena in order to compel her appearance at arraignment on July 7, 2004. The Clerk of Court’s office first issued a subpoena on June 3, 2004. The June 3 subpoena, which listed |3the defendant’s address as “2839 Salem St. Kenner, LA,” was returned after five unsuccessful attempts at service. On July 7, 2004, the defendant failed to appear at arraignment, the trial court reissued the subpoena, and arraignment was rescheduled for August 4, 2008. The July 7 subpoena also listed the defendant’s address as “2839 Salem St. Kenner, LA” and was also returned after five unsuccessful attempts at service. On August 4, 2004, the defendant again failed to appear at arraignment and the trial court ordered the surety to produce the defendant. A third subpoena -was issued on August 9, 2004, which again listed the defendant’s address as “2839 Salem St. Kenner, LA.” The defendant was personally served with the August 9 subpoena.
 

 The defendant pleaded not guilty at arraignment on October 13, 2004. On October 21, 2004, a subpoena was issued compelling the defendant’s presence at trial, which was scheduled to begin on December 1, 2004. The October 21 subpoena listed the defendant’s address as “2839 Salem St. Kenner, LA.” The October 21 subpoena was returned to the Clerk of Court’s office on October 25 with the handwritten notation “need apt. number.” The defendant appeared before the court on December 1. The record contains no discussion of the defendant’s apartment number, if any, and no change of address form was filed in the record on that date. Trial was continued until February 14, 2005. On February 14, 2005, the defendant again appeared before the court in response to a subpoena which was returned to the clerk’s office with the handwritten notation “need apt. number.” Again, there was no discussion of the defendant’s apartment number, if any, and no change of address form was filed in the record. Trial was continued until April 11, 2005. On February 24, 2005, the clerk’s office again issued a subpoena for the purpose of compelling the defendant’s presence at trial. The Februai'y 24 subpoena listed the defendant’s address as “2839 Salem St. Apt. B.” The February 24 Lsubpoena was the first subpoena in the instant case to list an apartment designation. On February 28, 2005, the February 24 subpoena was returned after five unsuccessful attempts at service.
 

 
 *194
 
 Four subsequent subpoenas were issued to the defendant at “2889 Salem St. Apt. B.” None were successfully delivered. On December 2, 2005, the trial judge forfeited the defendant’s bond when the defendant failed to appear for trial. The record indicates that the return on the subpoena issued to the defendant- for the December 2, 2005 court date noted “Not at this address per resident.” The defendant’s address on the subpoena was “2839 Salem Street, Apt. B.”
 

 On January 31, 2006, Bankers filed a Motion to Set Aside Judgment of Bond Forfeiture, which came to hearing on May 15. The trial court granted Bankers’ motion and relieved Bankers of all further obligations, terms, and conditions under the defendant’s original bond.
 

 The state filed a devolutive appeal to this Court. On January 16, 2007, we reversed and remanded.
 
 State v. Weaver,
 
 06-576 (La.App. 5 Cir. 1/16/07), 951 So.2d 421. We reasoned that “[o]ur determination of the issue in this case ... turns on findings of whether [the defendant] provided an incorrect address on her bond, in violation of LSA-C.Cr.P. art. 322, or, in the alternative, whether the State failed to provide service to a valid address pursuant to LSA-C.Cr.P. art. 344.”
 
 Id.
 
 at 425. At that time, there was no evidence in the record to support how “Apt. B” was added to the Salem Street address.
 
 Id.
 
 Therefore, we remanded the case for an eviden-tiary hearing and instructed the trial court to address the following issues:
 

 [Wjhether [the defendant] breached her bail obligation by failing to provide a correct address on her bond; why service on [the defendant] at the Salem addi-ess by the Jefferson Parish Sheriffs Office, without further designation of an apartment number, was no longer possible after service was twice successful at the Salem address alone, and; by what means was the apartment number added to subpoenas sent to [the defendant] after a certain lfipoint in time, specifically, was the apartment number added by [the defendant] or the State?
 

 Id,.
 

 The evidentiary hearing was held on August 20, 2008. The first witness to testify was Deputy Carlos Fastbender, a process server with the Jefferson Parish Sheriffs Office. Deputy Fastbender testified that he served all of the subpoenas in the instant case and that he was the one that wrote the notation “need apt. number” on several of the subpoenas. Deputy Fastbender told the court that he had no recollection of serving the defendant, that he did not recall what apartment the defendant lived in, and that he did not recall whether 2839 Salem St. was an apartment complex. Deputy Fastbender testified that he did not have the authority to change the address of a subpoena and that he did not change the address of the subpoenas in the instant case. He also remarked that the notation “no longer at that address” meant that “when someone answered the door at Apartment B, they said that [the defendant] no longer resided] there.” Christine Knox, a criminal minute clerk with the Jefferson Parish Clerk of Court, testified after Deputy Fastbender. Ms. Knox testified that she had no knowledge of who added the “Apt. B” designation to the subpoenas. She told the court that neither the defendant nor the state would have been able to make the change.
 

 At the conclusion of the hearing, the trial court denied Bankers’ Motion to Set Aside Judgment of Bond Forfeiture. The trial court reasoned that the defendant “breached her bail obligation by failing to provide a correct address on her bond ... If in fact all the process server had was 2839 Salem Street, then [the defendant]
 
 *195
 
 did not do what she needed to do to provide an apartment number or letter so that she could be properly served with the subpoena.” This timely appeal followed.
 

 | f;B ankers assigns two errors to the proceedings below. First, Bankers alleges that the trial court erred in denying the Motion to Set Aside Judgment of Bond Forfeiture because the state did not prove that the defendant was provided notice of the “time fixed for appearance” under La. 15:85(1). Second, Bankers alleges that the trial court erred in finding that the defendant gave an incorrect address on her bond.
 

 FIRST ASSIGNMENT OF ERROR
 

 In its first assignment of error, Bankers contends that the trial court erred in denying the Motion to Set Aside Judgment of Bond Forfeiture because the state did not prove that the defendant was provided notice of the “time fixed for appearance” under La. 15:85(1).
 

 The Louisiana Bond Forfeiture Process
 

 La. R.S. 15:85 sets forth the statutory procedure for bond forfeiture proceedings. La. R.S. 15:85 provides that “[a]ll bonds taken to secure the appearance of any person before any court ... shall be forfeited and collected” according to legislatively mandated forfeiture procedures. La. R.S. 15:85(1) authorizes the trial judge to render judgment decreeing the forfeiture of the bond under the following conditions:
 

 If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal Procedure, shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond, (emphasis added)
 

 La. C. Cr. P. art. 344 provides, in pertinent part:
 

 |7B. (1) When a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail, the defendant and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety, shall be given written notice of the time, date, and place the principal is required to appear.
 

 (2) The notice may be delivered to the defendant and the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety by an officer designated by the court, at least two days prior to the day set for the appearance; or this notice may be mailed by United States first class mail to the defendant and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety, at least three days prior to the date set for the appearance. The notice shall be mailed to the defendant and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety to the address designated pursuant to Article 322
 

 (emphasis added)
 

 La. C. Cr. P. art. 322 provides, in pertinent part:
 

 A. The defendant when signing a bail bond shall write under his signature the address at which he resides. The address shall be conclusively presumed to continue for
 
 *196
 
 all proceedings on the bond, until he files in the proceeding in which the bond was given a written declaration changing the address.
 

 (emphasis added)
 

 Thus, when a defendant fails to appear at the time fixed for appearance, the judge or prosecutor may move to forfeit the defendant’s bond. However, before a bond can be forfeited, the state must introduce the bail contract, the power of attorney if any, and notice to the defendant and the surety into evidence. The state must also prove that the defendant was served with the notice of the forfeiture hearing at “the address at which he resides” pursuant to La. C. Cr. P. art. 322. The address provided by the defendant is conclusively presumed to continue for all proceedings on the bond until the defendant files a written declaration changing the address.
 

 Is After the trial court signs judgment of bond forfeiture, notice must be mailed to the defendant, the defendant’s personal and commercial sureties, and the bondsman. La. R.S. 15:85(3)(a). Failure to mail proper notice of the signing of the judgment within sixty days of the defendant’s failure to appear releases the sureties of all obligations under the bond. La. R.S. 15:85(3)(c);
 
 See also State v. Williams,
 
 07-648 (La.App. 5 Cir. 1/22/08), 977 So.2d 154 (holding that the sixty day period under La. R.S. 15:85(3)(c) begins to run on the initial date the defendant failed to appeal-, not the last date on which the defendant failed to appear).
 

 The defendant and his sureties shall be entitled to bring defenses and actions in nullity by use of summary proceedings within sixty days from mailing the notice of the signing of the judgment of bond forfeiture. La. R.S. 15:85(5). However, defenses based upon La. C. Cr. P. art. 345 and La. R.S. 15:87 may be raised “by use of summary proceedings ... within six months from mailing the notice of the signing of the judgment of bond forfeiture.” La. R.S. 15:85(5). La. R.S. 15:87 A provides that the six month delay outlined in La. R.S. 15:85(5) applies when the defendant “has a physical disability, illness, or injury,” when the defendant “is being detained in the jail or penitentiary of another jurisdiction,” or when the defendant “is serving in the armed forces of the United States.” La. C. Cr. P. art. 345 provides that the six month delay applies when the sui*ety “surrender[s] the defendant or the defendant ... surrender^] himself, in open court or to the officer charged with his detention, at any time prior to forfeiture or within the time allowed by law for setting aside a judgment of forfeiture of the bail bond.”
 

 Bond forfeitures are not favored by law.
 
 State v. McLaurin,
 
 05-857 (La.App. 5 Cir. 3/28/06), 927 So.2d 570, 573. The state must strictly comply with |flthe statutory procedure in bond forfeiture actions in order to obtain a valid bond forfeiture.
 
 Id.
 

 Discussion
 

 In the instant case, the defendant was not served with notice of the impending bond forfeiture hearing. The record clearly indicates that the return on the subpoena issued to the defendant for the December 12, 2005 forfeiture hearing noted “Not at this address per resident.” The subpoena in question was issued to the defendant at “2839 Salem St., Apt. B, Kenner, LA.” The address on the bail bond contained in the record is “2389 Salem St., Kenner, LA.” The defendant filed no written declaration changing the address into the record as required by La. C. Cr. P. art. 322.
 

 
 *197
 
 Bankers contends that this fact should end this Court’s discussion. According to Bankers, because the state did not introduce “notice to the defendant” into evidence as required by La. R.S. 15:85, we must reverse the judgment of the trial court. However, La. C. Cr. P. art. 322 obligates a criminal defendant to provide the bondsman with the “address at which he resides” in order to secure an appearance bond. What, then, should be done when the defendant submits an incorrect or misleading address to the bondsman?
 

 Unfortunately, the Louisiana Supreme Court has never addressed this issue. The state urges this Court to consider the holding of
 
 State v. Anthony,
 
 525 So.2d 247 (La.App. 1 Cir.1988). In
 
 Anthony,
 
 the First Circuit addressed the issue of whether a bond forfeiture was valid when notice of the defendant’s court dates had not been served on him because he had supplied the court with two false addresses. The court concluded:
 

 In any event, we do not interpret R.S. 15:85 as requiring actual notice. Due process under article 1, § 2 of the Louisiana Constitution of 1974 and the fifth and fourteenth amendments of the United States Constitution requires | inthat in an action to deprive a person of life, liberty, or property, the person must be given notice of the proceedings and a hearing appropriate to the nature of the case. Due process does not demand that a party actually receive the notice, it only requires that the method of service used be reasonably calculated to give the party actual notice, (citation omitted). In the instant case, the state proved that it sent defendant notice of the hearing dates to the addresses he furnished. It would be a travesty of justice for this court to find that because Anthony thwarted the state’s efforts to deliver the notices to him, he was never obligated to appear in court. Accordingly, defendant’s failure to receive actual notice of the second arraignment date does not prevent the state from seeking the forfeiture of Sunbelt’s bond due to his nonappearance.
 

 Anthony,
 
 525 So.2d at 249.
 

 We disagree with the reasoning of
 
 Anthony
 
 and its progeny. La. R.S. 15:85 provides that a trial judge “shall immediately and forthwith” revoke a defendant’s bond upon hearing of proper evidence including the bail contract, the power of attorney if any,
 
 and the notice to the defendant.
 
 The words of the statute are clear.
 

 In
 
 State v. Milton,
 
 03-47 (La.App. 5 Cir. 4/29/03) (unpublished opinion), the defendant failed to appear at arraignment, and the trial court granted the state’s motion to forfeit his bond. The service return indicated that the sheriffs office did not serve the defendant due to “Locked Gate, No Access.” Milton, at *2. The surety filed a Motion to Set Aside Judgment of Bond Forfeiture and Petition for Nullity of Judgment, contending that the state did not meet its burden under La. R.S. 15:85. The trial court granted the motion, and this Court affirmed.
 
 Id.
 
 at *3. We expressly rejected the reasoning of
 
 Anthony,
 
 however, we noted:
 

 We agree that it would be inequitable, unfair, and unjust to allow a defendant to escape his obligation to appear in court by avoiding service of process and providing false information regarding his residence. We further agree that the state is entitled to seek bond forfeiture when it has been established that the failure to effectuate service is due to the defendant providing an incorrect address or clearly avoiding service. However,, we find that the state has not established this in this case.
 
 *198
 
 The record does not indicate that the address given by the defendant did not exist or was vacant. Rather, the record reveals that the sheriff attempted to serve the defendant on one occasion and there was no access due to a locked gate.
 

 |
 
 11Id.
 
 at *6 (emphasis added).
 

 We reaffirm the principles set forth in
 
 Milton
 
 and hold that the state has not met its burden under La. R.S. 15:85. The record clearly indicates that personal service was made on the defendant at “2839 Salem St.” This Court acknowledged as such in the opinion remanding Bankers’ first appeal.
 
 Weaver,
 
 951 So.2d at 425. Thus, the defendant arguably did not provide the bondsman with an incorrect address, nor was she trying to “clearly evade service.” At some point, the address on the bond was changed to “2839 Salem St. Apt. B.” There is no evidence in the record indicating that the defendant made a “written declaration changing the address” of her bond as required by La. C. Cr. P. art. 322. At the hearing on Bankers’ Motion to Set Aside Judgment of Bond Forfeiture it could not be determined who added the “Apt. B” designation to the subpoenas. Nor could Deputy Fastbender recall whether 2839 Salem St. is an apartment building. Accordingly, we hold that the state has not met its burden of introducing “notice to the defendant and surety” into evidence under La. R.S. 15:85. The tidal court erred in denying Bankers’ Motion to Set Aside Judgment of Bond Forfeiture.
 

 SECOND ASSIGNMENT OF ERROR
 

 In the alternative, Bankers alleges that the trial court erred in finding that the defendant gave an incorrect address on her bond and therefore breached her bail obligation. There is no need to consider this assignment of error, as we hold that Bankers’ first assignment of error has merit.
 

 | ^CONCLUSION AND DECREE
 

 For the foregoing reasons, the judgment of the trial court is reversed. Bankers’ January 31, 2006 Motion to Set Aside Judgment of Bond Forfeiture is granted. The state is assessed with the costs of these proceedings.
 

 REVERSED AND RENDERED.